[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 14 
The different conclusions arrived at by the Special and General Terms, arose from the different construction *Page 16 
of the contract of the parties which was respectively adopted. The Special Term held that the contract of the plaintiffs to sell and convey to the defendant the Thompson street property for $125,000, was an independent contract, not affected by that part relating to the Mott Haven property, otherwise than by giving the defendant the right of paying a part of the $125,000 by conveying the same to the two plaintiffs at the price specified. If this is the true construction, the judgment of the Special Term to the effect that the plaintiffs were entitled to a specific performance as to the Thompson street property, irrespective of the ability of the defendant to perform that part of the contract relating to the Mott Haven property, was correct; and the only remaining question would be whether the mode of enforcing performance of this contract was proper under the facts of the case. The General Term construed the contract as entire; in substance one for the exchange of the one property for the other, and the giving the bond and mortgage by the defendant to the plaintiffs upon the Thompson street property as the mode by which the estimated excess of the value of that over that of the Mott Haven property was to be adjusted. If this is the true construction it is obvious that a specific performance of the contract as to the Thompson street property could not be enforced against the defendant while he was unable to perform as to the Mott Haven property. In other words, the defendant having, by this construction, agreed to exchange the Mott Haven property for the Thompson street property and give the plaintiffs a mortgage upon the latter for its estimated excess in value over that of the former, and being unable to give a good title to the Mott Haven property, or such title as the plaintiffs were willing to accept, could not be compelled to take title to the Thompson street property and pay the sum in cash therefor which had been inserted in the contract as its price, but which was inserted as a mode of ariving at the difference in value of the respective properties.
I think the construction adopted by the General Term *Page 17 
was the one that was intended by the parties; that the contract was one for an exchange, and not one binding the defendant to purchase the Thompson street property, giving him an option to pay a large portion of the purchase-money by conveying the Mott Haven property, as provided by the contract, or of paying that portion in money and binding the plaintiff's to purchase the Mott Haven property, giving them an option of paying therefor by conveying the Thompson street property or in cash. In other words, a contract binding each to purchase the property of the other at the prices named in the contract, but binding neither to sell unless he chose. The language of the contract shows that this was not the intention of the parties. By that, each of the parties expressly agree to sell and convey their respective property as specified in the contract. It is much more explicit in this respect than in the agreement to purchase, that being left to inference from the general language of the contract. To construe the contract as requiring each to purchase at the option of the other, but requiring neither to convey unless he chose so to do, would wholly defeat the intention of the parties; and yet this is the result of the construction adopted by the Special Term. By that, the defendant was held bound to take the Thompson street property, and in case of failure to convey, as specified, the Mott Haven property, to pay the sum specified as the value of the former in cash. Under this construction, the plaintiffs, if unable to give title to the Thompson street property, might have been compelled to take the Mott Haven, and pay cash therefor. As above remarked this would entirely defeat the intention of the parties, as appears from the language of the entire contract. That shows that the object was to exchange the one property for the other, the defendant paying the estimated excess in the value of the plaintiffs' property to them. This being so, the contract was entire; and a specific performance of a part only cannot be awarded. This shows that the judgment of the Special Term was erroneous.
But the counsel for the appellants insists that, assuming this *Page 18 
to be the true construction, he was entitled to a specific performance of the entire contract, and that as the defendant had agreed that his wife should unite in the conveyance of the Mott Haven property, so as to bar her right of dower, and it appearing that she refused so to do, he was entitled to a conveyance from the defendant of the property and to have deducted from the price the value of the inchoate right of dower. No such claim was made upon the trial; but if the plaintiffs are entitled to this relief they can obtain it upon a new trial. The question must, therefore, be decided.
The counsel cites numerous authorities showing that when a vendor is unable to perform the entire contract the purchaser may, if he chooses, enforce performance of that part which the vendor can perform and recover compensation for the part unperformed. I have examined these and find that, in general, they are cases where there is a failure of title in the vendor to a part of the premises agreed to be conveyed; and when a proper deduction from the purchase-price can be ascertained and determined so as to do complete justice between the parties in the case before the court. When this cannot be substantially done, it is obvious that specific performance ought not to be decreed, as this should be done only when the court can see that the ends of justice require it. In Peters v. Delaplaine
(49 N Y, 362), which was an action for specific performance, and where the question was whether the action was barred by the statute of limitations, and whether the relief should not be denied on the ground of delay in commencing the action, which was attempted to be excused by reason of the inability of the defendant to procure a release of dower from his wife at the time the premises should have been conveyed. It is said (p. 368): "The seller could not have compelled the purchaser to accept such defective title, with indemnity for the incumbrance; but the latter had an option to accept it or rely upon his action for damages." He could have brought his action for specific performance at once, and taken such judgment as would have secured to him the full benefit of his contract and the property for *Page 19 
which he contracted, citing several authorities. What follows shows that, in the opinion of the learned judge, the vendor, in such a case, would be compelled to convey, and in some form, not specified, indemnify the purchaser against the contingent right of dower of the wife. In Woodbury v. Luddy (14 Allen, 1) it was held that the purchaser might in such a case compel the vendor to convey, with a deduction from the price of the fair value of the inchoate right of dower of his wife, who refused to release the same, but that such deduction was not the difference in the market value of the property with a perfect title and its value subject to such right; and that the value of this right should be determined by the tables of mortality. In Davis v.Parker (id., 94) a similar judgment was given. The point was not directly involved in Peters v. Delaplaine (supra); nor have I found any case in this State in which it has been determined, in an action for a specific performance, that a purchaser may compel a vendor, unable to procure his wife to release her dower, to convey subject to such right and abate from the price such a sum as the court determined was its value. But be this as it may, the application of the doctrine in this case would work injustice. Here the parties have agreed to exchange, in substance, one parcel of real estate for another, and for the payment by the defendant to the plaintiffs of the estimated excess in value of their parcels, by giving a general mortgage thereon payable in future; the value placed upon each parcel not being its estimated cash value but its relative value with the other parcel; no cash payable by either. Under such a contract, to require the defendant to convey the Mott Haven property to the plaintiffs and pay such compensation as the court should determine its market value was impaired by the outstanding inchoate right of dower, or such sum as the real value of such right ascertained by the tables of mortality, would be harsh and oppressive. The defendant never made a contract to do this. To charge him with the difference in the market value would be unjust, as it is obvious that this incumbrance upon the title would impair that to a much *Page 20 
greater extent than the real value of the right. To compel him, in effect, to purchase the right by paying the plaintiff therefor its value determined by the tables of survivorship and mortality, would in a case like this be unjust. He, as we have seen, contracted for an exchange of his property for that of the plaintiffs; under such a contract he ought not to be compelled to take the risk of the loss which the application of those tables to this particular case might subject him. These tables when applied to a great number of cases will, in the aggregate, show correct results; hence they may be used by life insurance companies with safety in fixing their rates, and are resorted to by courts when the probable duration of life must be determined in adjusting the rights of parties. But to determine the value of the inchoate right of dower in this way, for the purpose of enforcing the specific performance of a contract for the exchange of real estate, with compensation, would be unsustained by precedents or sound principle.
My conclusion, therefore is, that upon the facts found by the Special Term, the plaintiffs were not entitled to the specific performance of the contract or any part of it. The plaintiffs must resort to their legal remedy for the damages, if any, that they have sustained from the defendant's breach of the contract.
The remaining question is whether the General Term ought not to have ordered a new trial instead of giving final judgment dismissing the complaint. It appears from the opinions that the latter course was adopted for the reason that it appeared, upon the trial, that the plaintiffs were aware at the time of the commencement of the action, that the defendant could not perform the contract, and that in such a case equity would not retain the suit for the purpose of awarding damages which could be recovered in an action at law. This was the rule prior to the adoption of the Code. (Mors v. Elmendorf, 11 Paige, 277.) But the Code authorizes the uniting of causes of action, both legal and equitable, arising out of the same transaction in the complaint. (Bradley v. Aldrich, *Page 21 40 N.Y., 504, 512.) The facts constituting these causes of action must be stated in the complaint. The court held in that case that no facts constituting a legal cause of action were stated in the complaint, and that as the plaintiff failed to prove the equitable cause of action stated, the complaint was properly dismissed. This shows that when the complaint states facts giving an equitable cause of action and also a legal cause of action, arising out of the same transaction, the party is entitled to have both tried, if necessary to obtain his rights. That is this case. The complaint sets out the contract and alleges a tender of performance by the plaintiff and a breach by the defendant, and demands judgment for $125,000 and other relief. True, he demands equitable relief, based upon the ground that he was entitled to a specific performance of that part of the contract relating to the Thompson street property. He failed in showing a right to this. He then had a right to a trial of his claim for damages sustained by the breach. True, the mode of trial may be different. The former must be tried by the court or a referee, unless some question or questions of fact involved are ordered by the court to be tried by jury. Either party has the right to a jury trial of the latter. This creates no practical difficulty. The one issue may be tried by the court and the other by jury if the ends of justice require the trial of both, or both may be tried by the court or a referee if the parties so desire.
The judgment of the General and Special Terms must be reversed and a new trial ordered; costs to abide event.
FOLGER and JOHNSON, JJ., concur: ALLEN, J., concurs in result upon the peculiar circumstances of the case, without passing upon the question whether specific performance with money compensation for inchoate right of dower may not be awarded in cases of exchange as well as upon a contract for the purchase of real property. CHURCH, Ch. J., and ANDREWS, J., not voting; RAPALLO, J., absent.
Judgment reversed and new trial granted. *Page 22