By the Court.—Freedman, J.
—As to the defendant Taylor, it was found below, as a conclusion of law, that he has no interest in the bonds in controversy, either individually or as a member of the firm of Fred. Butterfield & Co., or as assignee of Henry Clews & Co. This finding was not excepted to, nor does the record contain any exception whatever under which the dismissal of the complaint as against him as assignee of Henry Clews & Co. could be reviewed.
As against the defendants constituting the firm of Fred. Butterfield & Co. the action proceeded on the theory that they, as against the plaintiffs, were not bona fide holders of the bonds in question for value, or, if they were, that the plaintiffs were entitled to an accounting and a marshaling of the securities held by Fred. Butterfield & Co. as collaterals, and to the release of the bonds in suit from the lien of their loan to Henry Clews & Co., on the ground that they held sufficient other collateral security for the payment of the loan without having recourse to these bonds. If the evidence given upon the trial failed to establish this theory, but a single issue remained to be tried between the plaintiffs and Henry Clews & Co., and that related solely to the alleged conversion of the bonds. For the purpose of trying that issue, the last named defendan ts had a right to demand a jury (Sternberger v. McGovern, 56 N. Y. 12; Hudson v. Caryl, 44 Id. 553; Kinne v. Kinne, 2 Sup'm Ct. [T. & C.] 393).
The bonds in suit were negotiable instruments, and as holders in good faith and for value Fred. Butterfield & Co. could, if necessary for their protection, retain them as against the plaintiffs. Under the issues raised by the pleadings they had a right to show that they were such bona fide holders for value, and the evidence *423 given by them clearly established and fully justified the learned judge below in finding, as he did, not only that they had parted with full value upon the faith of the bonds and without notice of plaintiffs’ rights in the premises, but also that in making the loan or loans to Henry Clews & Co. they had acted as agents only for others. Moreover, the plaintiffs not only failed to show that Fred. Butterfield & Co. held sufficient other col-laterals, but the latter proved by testimony which remained uncontradicted, that all the securities held as collaterals would not realize sufficient to pay the loan for which they stood pledged.
It is insisted, however, that inasmuch as Frederick Butterfield made the loan in question under the firm name of “Fred. Butterfield & Co. of 1866,” and at a time at which no such firm existed, he obtained possession of plaintiffs’ bonds in violation of the statute of the State of New York forbidding persons to transact business under fictitious names (L. 1833, ch. 281), and that for this reason, if no other, the complaint was improperly dismissed as against him. The statute referred to, provides that no person shall transact business in the name of a partner not interested in his firm, and where the designation “and company” or “& Co.” is used, it shall represent an actual partner or partners. It further provides that any person offending against its provisions shall, upon conviction, be deemed guilty of a misdemeanor, and be punished by a fine not exceeding one thousand dollars.
Upon this branch of the case the facts appear to be as follows:' „
About August?, 1873, Frederick Butterfield, as agent of the estate of Sarah Hannah Butterfield, and out of the moneys in his hands belonging to said estate, and on securities including the twenty-nine bonds in suit, loaned to Henry Clews & Co. the sum of $112,939.69.
*424 About September 4, 1874, Frederick Butterfield, as agent of the estate of William Butterfield, and out of moneys then in his hands belonging to said estate, loaned to Henry Clews & Co. the sum of $690,000. Out of the sum so obtained Henry Clews & Co. repaid the loan had from the estate of Sarah Hannah Butter-field, and at the same time they transferred the securities held by Frederick Butterfield as agent of the estate of Sarah Hannah Butterfield to him, as agent of the estate of said William Butterfield, as security for said loan of $690,000.
Prior to 1866, William Butterfield and one Lyman A. Jacobus had carried on business in the cities of London and Hew York under the firm name of “Fred. Butterfield & Co.,” and to this business Frederick Butterfield had given the use of his name. The business ceased in 1866, and the said sum of $690,000 formed part of the proceeds of the assets thereof which belonged to said William Butterfield, and as such it passed into the hands of Fred. Butterfield for management. In order to distinguish the proceeds of the said assets from the assets of the firm of Fred. Butterfield & Co. as subsequently formed, they were kept in a separate account under the title of “Fred. Butterfield & Co. of 1866.” The transaction with Henry Clews & Co., as above stated, was made under that title in September, 1874, and by a check signed “ Fred. Butterfield & Co. of 1866,” though William Butterfield had died during the preceding month of June.
Upon this state of facts, it is clear that prior to and in 1866 the name of Fred. Butterfield represented an actual party responsible to all the world, except his partners, for the use of his name, and the term “ & Co.” represented two other parties, William Butter-field and L. A. Jacobus, who were partners in fact. By this arrangement Frederick Butterfield became liable for all the debts of the firm bearing his name, *425 and ifc was only as between himself and the two persons included in the term “& Co.,” that his liability ■ was limited.
Under these circumstances it may be a question whether the statute applies. This statute must be construed in connection with chapter 400 of the Laws of 1854, and chapter 144 of the Laws of 1863, which are in pari materia, and which provide that the use of a copartnership name may be continued upon compliance with their provisions as to filing a certificate and publishing an advertisement to that effect, and there is no proof that the provisions of these enabling statutes have not been complied with.
But another, and fatal objection is, that Frederick Butterfield was not declared or proceeded against under the statute referred to. The alleged violation of the statute, if any there was, not having been made the basis of the action, and the fact being that he acted as agent only for principals not before the court, the law will- not deprive these principals of their property by means of a judgment to be rendered in an action to which they were not made parties, and in which they have had no opportunity to be heard. If the plaintiffs intended to rely upon the statute, they should have pleaded its violation (O’Toole v. Garvin, 1 Hun, 92).
The case also contains exceptions to the admission óf testimony, to the findings as made, and the refusal of the court to find as requested by the plaintiffs, but under the views, above expressed they are clearly untenable.
The judgment, should be affirmed with costs.
Curtis, Oh. J., concurred.