## CAROLINE P. DIXON AND OTHERS, RESPONDENTS, v. MARTIN C. RICE, APPELLANT.

*Specific performance not enforced, where a wife not a party to a contract to sell land refuses to join in the deed thereof.*

In an action to compel the specific performance of a contract to convey land entered into by the defendant, the court found in favor of the plaintiff, and directed that the wife of the defendant join with him in executing the deed, and that if she refused the value of her inchoate right of dower be retained out of the purchase-price, and the balance paid to the defendant.

*Held,* that a court of equity will not compel specific performance of a contract to convey land where a wife, not a party to the contract, refuses to join in the deed, and that plaintiff must either take the title subject to the claim of the wife, and pay the stipulated price, or resort to his legal remedy for the damages sustained by the defendant's breach of the contract.

APPEAL from a judgment in favor of the plaintiff, entered upon the decision of the court, at the Chautauqua Special Term.

The action was brought to compel specific performance of an alleged agreement to convey land.

*M. C. Rice,* appellant, in person.

*Smith & Tenant,* attorneys for the respondents.

SMITH, J. :

The agreement, sought to be enforced in this action, was made by Abram Dixon and the defendant (who were law partners), in writing, as follows :

"WESTFIELD, *April* 6, 1874.

" We hereby agree that we will look over our old partnership accounts, and our North Portage street lot shall be used to adjust the balance, as far as it will go, at such a figure as we may agree upon ; or if we cannot agree upon any figure, the party who will pay the highest for it shall have it by accounting to the other for it ; and in consideration hereof we each agree to pay the balance due the other party that appears against either of us on the law register in which our business was kept. Our present object is to arrange the North Portage street lot, and the party purchasing the interest of the other shall have the advantage of applying the consideration of such purchase to the balance to be found on the settlement of private accounts. Duplicate.

(Signed), "M. C. RICE.

"A. DIXON."

On the same day, the parties executed another writing, indorsed on the same piece of paper, upon which the foregoing was written, of which the following is a copy :

"WESTFIELD, *April* 6, 1874.

" A. Dixon agrees to take M. C. Rice's interest in the North Portage street lot, referred to in the stipulation on the other side of this paper, at $100, and M. C. Rice agrees to let him have it at that figure. Duplicate.

(Signed), "A. DIXON.

" M. C. RICE."

A question is raised as to the construction of the agreement thus made. The appellant contends that the two writings must be construed together, and that so construed, they amount to a conditional agreement of sale, that is an agreement to sell when the state of the partnership accounts shall have been ascertained, and the balance adjusted. The plaintiff's counsel insist that the

agreement, as modified by the indorsement, is absolute, Rice agreeing to sell on being paid the stipulated price. We think the latter construction is correct. Doubtless, the two writings, bearing the same date, are to be read together, in order to ascertain the meaning of the parties. If it is apparent that the parties intended the indorsement should control or modify the agreement on the face of the papers, that effect must be given to it. That such was the intent cannot be doubted. The object of the parties, throughout, was to arrange the Portage street lot, but the modes adopted in the two writings were essentially different. By the agreement written on the face of the paper, the questions, which of the parties was to purchase, and what price he was to pay, were left to be determined by themselves, to aid in adjusting the balance that should be found due on a settlement of accounts. That arrangement clearly contemplated that a settlement of the accounts should precede a sale. But by the indorsed agreement those questions were settled. Dixon was to buy at a fixed price. The occasion for waiting for an adjustment of the partnership accounts was ended. By the arrangement the land was taken out of the partnership property, and Dixon became its sole owner, in equity, on paying or tendering the stipulated price. And, of course, on paying or tendering the price, he had the right, in equity, to enforce the contract.

It is insisted by the appellant that there is no evidence to sustain the finding of the court that Dixon took possession of the lot after making the contract. We think sufficient evidence of the fact is to be found in the circumstance that, soon after the contract was made, Dixon made considerable repairs on the premises, at his own expense, and that he let the place to tenants, who attorned to him during his lifetime, and to his executors, after his death. But, however that may be, the contract being in writing is not within the statute of frauds, and the fact of the vendee's possession is immaterial, except as a circumstance tending to confirm the construction of the contract adopted by the trial court. And as that construction is warranted by the language, the finding that Dixon went into possession, even if erroneous, did not prejudice the defendant, and the error should be disregarded. (Code of Civil Procedure, § 1003.)

The appellant insists that the plaintiffs are concluded from asserting that Dixon repaired the premises at his own expense, by the report of the referee in proceedings had, after the death of Dixon, to determine a claim made by the defendant as a creditor of his estate. It is enough to say, in addition to what has been said already, that so much of the report as relates to the ownership of the lot, was excepted from the operation of the order by which the report was confirmed, and has not passed into judgment.

On the death of Mr. Dixon the right to a specific performance of the contract passed to those who succeeded him in the title to the land. The plaintiffs brought this suit in the triple capacity of executors, devisees and heirs-at-law. There are difficulties in the way of their succeeding in either of the first two characters, growing out of the fact that the will of Mr. Dixon, which purports to dispose of his real as well as personal estate, has been proved as a will of personal property only, owing to the circumstance that all the witnesses to the will were either dead or absent from the State and it was impossible to procure the attendance of any one of them. The case is therefore to be treated as if Mr. Dixon had died intestate as to the land in question. The plaintiffs, being his heirs-at-law, are vested with the equitable title, and can maintain the action.

The only remaining question requiring a statement of our views arises upon a direction in the judgment that the wife of the defendant join with him in executing the deed, and that if she refuse, the value of her inchoate right of dower be retained out of the purchase-price, and the balance be paid to the defendant. The land was partnership property. It is, perhaps, questionable whether the wife of a partner has a dower interest in the partnership lands. Her right to dower may depend upon the solvency of the partnership. But the question whether the wife of the defendant is entitled to dower in the land in question cannot be determined in this action; at least, it cannot be determined adversely to her, as she is not a party; nor, in the view we take of the case, is it necessary to decide that question. A court of equity will not compel specific performance of a contract to convey land, where it is necessary that a wife join in the convey-

ance and she refuses. (Fry on Spec. Perf., p. 293, § 666, and cases cited in note *p*.) Is this a case in which the defendant should be required to perform, as far as he is able, with an allowance to the plaintiffs for the value of the inchoate right of dower belonging to the wife? The doubtful character of the right seems to furnish a good reason for refusing to cut down the price to be paid to the vendor. Unless the plaintiffs are willing to take the title subject to the claim of the wife, and pay the stipulated price, they must be turned over to their legal remedy for the damages sustained by the defendant's breach of the contract. (See *Sternberger* v. *McGovern*, 56 N. Y., 12.)

The result is that the judgment should be reversed and a new trial granted, costs to abide event, unless the plaintiffs will stipulate to modify the judgment by striking out the direction that the wife join in the conveyance, or if she refuse, that the value of her right be retained out of the purchase-price; in which case, the judgment so modified, should be affirmed, with costs to the plaintiffs.

MULLEN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.