*CATHARINE J. PRICE AND REUBEN PRICE, RESPONDENTS, v. NATHANIEL L. PALMER, INDIVIDUALLY AND AS EXECUTOR, ETC., OF MARGARET L. PALMER, DECEASED, APPELLANT, IMPLEADED, ETC.

*Action for specific performance — when the court will declare a judgment recovered for damages a lien on the land that was to have been conveyed.*

Where, in an action brought by vendees to enforce the specific performance of a contract for the exchange of real estate, the court, on account of the refusal of the vendor's wife to join in the conveyance of one of the pieces, refuses to decree a specific performance but retains the action for the purpose of determining and awarding to the plaintiffs the damages occasioned by the breach of the contract, it may, in case the vendor becomes insolvent and

---

* Decided October, 1880.

makes a general assignment during the pendency of the action, direct that the judgment be declared a lien on the premises which were to have been conveyed, and direct that the same be sold for the payment of the amount thereof.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

This action was brought for the specific performance of a contract for the exchange of lands. The defendant Palmer's wife having refused to unite in a conveyance the court refused a specific performance, but retained the action for the purpose of giving to the plaintiffs a compensation for their damages. The amount of damages was settled on the report of a referee, and the plaintiffs asked that such damages be decreed a lien on the premises the defendant had agreed to convey to them. The Special Term so held, the following opinion being delivered by RUMSEY, J.

RUMSEY, J.:

The contract between Palmer and the plaintiffs was valid between the parties, and by the former decree in the action specific performance was refused only for the reason that the wife of Palmer refused to unite in the conveyance of the lands which her husband was to convey to the plaintiffs. (*Sternberger* v. *McGovern*, 56 N. Y., 12.) As the plaintiffs had sustained considerable damages by reason of Palmer's refusal to perform his contract, the court, under a familiar rule, retained the case that they might be compensated for the consequences of such refusal in damages. That question was sent to a referee, who has made his report by which he finds the plaintiffs have sustained damages by such refusal to the amount of $—.

The plaintiffs, on the motion to confirm such report, furnish evidence which is undisputed, that Palmer has become insolvent, and has made a general assignment for the benefit of his creditors, and now ask that such damages, with the costs of the action, be declared a specific lien upon the real estate which Palmer, by the contract, was to convey to them, alleging that their decree for damages will prove a useless victory unless it be so ordered.

By the written contract between the plaintiffs and Palmer, the former acquired a specific lien upon all the interests of the latter in

the lands to be conveyed to them, so much so that in the discretionary exercise of the equity power of the court it would decree the specific performance of the contract as between those two.

The wife of Palmer, however, held an inchoate right of dower which the provisions of the contract were ineffectual to reach, and only because the vendor was unable to convey a perfect title the court refuses to decree specific performance of the contract. This refusal does not affect the validity of the contract or the rights of the plaintiff under it. The defendant still remains a trustee, holding the legal title to the property for the benefit of the plaintiff, and her equitable lien upon it still continues. (2 Story's Eq. Juris., § 1212.)

This court retains jurisdiction of the case for the purposes of furnishing to the plaintiffs such remedy, other than a specific performance, as under the contract, and in view of all the circumstances is proper and shall be effectual.

If the plaintiffs have a specific lien, acquired by the contract with Palmer, upon the property which by it was to be conveyed to them, it can be enforced only in equity, and it would be manifestly unjust to refuse to do so, and turn them over for relief to their remedy as general creditors against an insolvent debtor. It cannot be doubted that the plaintiffs acquired by their contract a specific lien, for it is such lien that makes the vendor a trustee of the property for their use, and authorizes the court to decree specific performance of such contract in proper cases. It is the dictate of equity that such lien should be enforced in such manner as to ensure them an effectual remedy for the injury they have suffered, and this principle I think is sustained by authority.

The pecuniary ability of the vendor to respond at law for damages has always been considered by the courts when a case has been before them for specific performance. (*Fannin* v. *McMullen*, 2 Abb. Pr. [N. S.], 224, and case there cited; Story Eq. Juris., § 760; Pomeroy on Contract, § 478; *Gusteen* v. *Gusteen*, 47 Mo., 37–47.) Specific liens have often been enforced in equity by a sale of the property on which the lien rested, and the payment of the value of the lien from the avails.

In the case of *King's Heirs* v. *Thompson* (9 Peters U. S., 204), it was so decreed where the party owning the property against which

the lien existed had died insolvent, and the person holding the purely equitable lien was preferred to creditors.

In *Gibert* v. *Peteler* (38 N. Y., 165), the vendee in performance of his contract of purchase, made large improvements on the premises to which the vendor was unable to convey a good title, and it was held he had an equitable lien on the premises for the value of such permanent improvements.

*In Matter of Eliza Ann Ellison, an infant* (5 John. Ch., 261), the ancestor of the infant had contracted to sell lands and give a deed with full covenants. On payment of consideration in full a conveyance was ordered on the part of the infant without any personal covenants, but for greater safety to the purchaser the Chancellor ordered the money invested subject to the order of the court, that an indemnity might be provided for the purchaser if the title failed.

A court of equity will enforce an equitable lien either upon a legal or an equitable estate in lands (Willard's Eq. Juris., 439), and the usual way of enforcing a lien in equity is by a sale of the property to which it is attached. (Story Eq. Juris., § 1217.)

In *Neate* v. *Marlborough* (3 Mylne & Craig, 417), the Lord Chancellor says that if the plaintiff has an equitable lien he would have the right to come here to have the estate sold.

I conclude, therefore, both upon principle and authority, that the plaintiffs are entitled to a decree that their recovery for damages and costs is a specific lien upon the interest which Palmer held in the lands he agreed to convey to them at the date of the contract. As Mrs. Palmer has never done any act by which her contingent right of dower in the premises can be divested, such right will not be affected by the decree. There is nothing in the situation of either of the parties to this action which renders it inequitable, so far as they are concerned, to enforce the lien in this manner. The Hunter street house and lot was in possession of Van Olinda, who seems to have taken a lease from plaintiffs on December 1st, 1876, for the premises, and the plaintiffs themselves went into actual possession of a portion of the house in March following, and have since continued to occupy.

The conveyance of that property to Schoenberg by Palmer in February, 1877, it is alleged in the verified complaint was for the purpose of defrauding the plaintiffs of their rights, under the con-

tract, and as Schoenberg does not appear to defend the action, that allegation in the complaint may be assumed true. Mrs. Palmer now claims to be the owner of all the property mentioned in the contract, except the Hunter street lot, under a conveyance from her husband to her father, the defendant Denise, who immediately conveyed to her. It is a fair inference, from the evidence, that Denise knew of the contract with plaintiffs, and he fails to deny it, or offer any evidence of the *bona fide* conveyance to him. Mrs. Palmer was fully advised of the contract, and her refusal to unite in the deed to the plaintiffs, was the substantial reason why a specific performance was not ordered. She also avers in her answer that the conveyance by Palmer to her father, the defendant Denise, and from Denise to her, was made solely to carry out a family arrangement, and in effect that no new considerations passed between the parties.

Assuming that this transaction was honestly intended for the purpose expressed in the answer, it gives them no equity in the property superior to that of the plaintiffs.

The plaintiffs ask an extra allowance in this case and I think they are entitled to it, for the litigation has been long continued, strenuously contested and complicated with many difficult questions. They may have an order for an allowance of $175 extra.

A decree may be entered declaring the plaintiffs' recovery in this action, which is to be against Nathaniel L. Palmer alone, a lien on the premises which were by the contract to be conveyed to them and that if the same be not paid in thirty days after the service of a copy of the judgment entered in the action on the defendants, Palmer and his wife and Schoenberg, that said premises, or so much of the same as may be necessary, be sold by James K. Burlingame, who will be referee for that purpose, and the plaintiffs be paid from the avails.

*J. M. Dunning*, for the appellant.

*Angus McDonald*, for the respondents.

Present — TALCOTT, P. J., and HARDIN, J.; RUMSEY, J., not sitting.

Judgment affirmed, with costs, on opinion of RUMSEY, J., at Special Term.