# THE POROUS PLASTER COMPANY OF THE VILLAGE OF SING SING, Appellant, *v.* GEORGE J. SEABURY AND ROBERT W. JOHNSON, Respondents.

*Practice — an action to procure equitable relief cannot be maintained, when the relief sought has already been awarded by a judgment in another action between the same parties — a demurrer will not, however, be sustained if the facts show a right to legal relief — Code of Civil Pro., sec. 488 — damages occasioned by the violation of an injunction may be recovered by action or in proceedings for contempt, at the election of the party injured.*

In an action brought by the plaintiff in this action against the defendants herein, a judgment was entered, in 1874, establishing the existence of the trade-mark mentioned in the complaint in the present action, and the plaintiff's title thereto, and perpetually enjoining the defendants from violating the trade-mark. The complaint in the present action alleged the existence of the trade-mark and its ownership by the plaintiff, the recovery of the judgment and the violation of its provisions by the defendants after the entry thereof, whereby the plaintiff had sustained damages, and prayed for an injunction enjoining the defendants from violating the trade-mark and for the recovery of the damages sustained.

*Held,* that the court erred in sustaining a demurrer to the complaint interposed by the defendants, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

That while the action could not be maintained in so far as the plaintiff sought to obtain equitable relief similar to that already obtained in the former action, yet it could be maintained as an action at law to recover the damages which the plaintiff had sustained by reason of the subsequent trespasses upon its rights committed by the defendants.

That the fact that the plaintiff might have treated the defendants' acts as a violation of the injunction, and have instituted proceedings to punish them for contempt, in which the damages sustained would have been included in the fine, did not prevent it from maintaining this action, as the proceeding for contempt was not intended to be in any way a substitute for the right to proceed by action, but was intended to be a concurrent remedy.

That although the pleader in drawing the complaint undoubtedly framed the same for the purpose of obtaining equitable relief, and that was intended to be the gravamen of the action, and although he was not entitled to such relief, yet as the complaint contained allegations which entitled the plaintiff to legal relief, a demurrer thereto would not be sustained.

Appeal from an interlocutory judgment, entered upon an order sustaining a demurrer to the complaint interposed by the defendants, upon the ground that it did not state facts sufficient to constitute a cause of action.

*Philo Chase*, for the appellant.

*John L. Logan*, for the respondents.

Van Brunt, P. J.:

The difficulty which the plaintiff in this action has encountered is, that it has alleged too much, and those allegations have undoubtedly, led the court astray in the disposition of the demurrer The plaintiff, having in 1874, in an action wherein the present plaintiff was plaintiff, and the present defendants were defendants, established the fact of the existence of the trade-mark mentioned in the complaint herein, and having established its title thereto, and having obtained an injunction in that action against the defendants, perpetually enjoining them from a violation of such trade-mark, could not maintain another action to obtain similar equitable relief based upon the same-trade mark, and the same proprietary right therein, and the complaint in this action, so far as it seeks to obtain equitable relief, would, therefore, have been the subject of demurrer, had it not also contained suitable allegations and a demand for legal relief. The plaintiff in this action, in case of a violation of its rights in and to the trade-mark mentioned in the complaint, subsequent to the action first mentioned, had the right to recover by action, the damages which it should sustain by reason of these subsequent tresspasses upon its rights. It may be true that it also had a remedy by contempt proceedings, for the violation of the injunction contained in the previous decree, but there is nothing in the Code which restricts a party from maintaining an action for every violation of a right which occurs subsequent to the previous recovery, which violation is separate and distinct in itself. As far as the subsequent violations by the defendants of the plaintiff's trade-mark were concerned, the previous judgment between the parties established only two things, namely, that the device was a trade-mark, and that the plaintiff was the owner thereof. The plaintiff in that action was compelled to prove all the damages which had been sustained by violation of its rights thus established, prior to the trial thereof. But such judgment was no bar, in case of subsequent and independent violations thereof, to the commencement of an action to enforce its rights, and all that was necessary for the plaintiff to allege in

order to entitle it to this relief, was the fact of the trade-mark, its title thereto, that its rights in the trade-mark had been infringed and that it had sustained damage thereby.  Upon the trial of such an action, the previous judgment between the parties would conclusively establish the trade-mark and the plaintiff's title, and the only thing which could be litigated would be the violation of the trade-mark and the damages.  Such an action would be simply an action at law and in such an action the plaintiff would be entitled to no equitable relief.

In the case at bar the plaintiff seems to have assumed that he would be entitled to some additional equitable relief, and has prayed for such relief as well as for relief for the damages which it has sustained by a subsequent violation of its rights in the trade-mark by the defendants.  As has been seen, no equitable relief can be obtained in this action, the plaintiff having exhausted its rights to equitable relief in the previous action, which has gone to judgment, and if the complaint contained no allegations, but those which pertained to the obtaining of equitable relief, the demurrer should be sustained.  But the facts alleged in the complaint, if true, entitle the plaintiff to legal relief, namely, to a recovery for any damages which it has sustained by reason of the violation alleged of its rights in the trade-mark in question by the defendants subsequent to the previous judgment.

It may be true that such a violation was a violation of the injunction contained in the previous judgment and subjected the party to contempt proceedings, and the party might be proceeded against for contempt and fined and the damages collected in that way.  But there is nothing in the Code which restricts the plaintiff to this form of procedure; and, in fact, the language of section 2284 seems to recognize the fact that actions may be maintained even in those cases where contempt proceedings are authorized by the statute, as it provides that the payment and acceptance of such a fine (referring to a fine in contempt proceedings) constitute a bar to an action by the aggrieved party to recover damages for loss or injury.  Unless there had been a right of action to recover damages for loss or injury, which might also be the subject of proceedings for contempt, this provision would have been entirely nugatory, and is, therefore, an express recognition of the fact that the provision for

proceedings for contempt was not intended to be in any way a substitute for the right to proceed by action, but was intended to be a concurrent remedy. Although the pleader in drawing his complaint undoubtedly framed the same for the purpose of obtaining equitable relief, and that was intended to be the gravamen of the action; and although the court may be of the opinion that the plaintiff is not entitled to equitable relief, yet the complaint containing allegations which entitle the plaintiff to legal relief, a demurrer will not lie to such complaint.

In the case of *Sternberger* v. *McGovern* (56 N. Y. 12), it was expressly held that where a complaint contained allegations showing that the plaintiff claimed to be entitled to both equitable and legal relief, even though he should fail in obtaining his equitable relief, such failure did not defeat his right to the legal remedy. So, in the case at bar, the plaintiff's complaint claiming that it was entitled to equitable relief and also to legal relief by way of damages, the fact that it fails to show a right to equitable relief does not defeat its right to its legal remedy.

We think, therefore, that the demurrer was not well taken and that the interlocutory judgment should be reversed and the defendants allowed to withdraw their demurrer and answer upon payment of costs.

POTTER and LAWRENCE, J.J., concurred.

Judgment reversed; defendants allowed to withdraw demurrer, and answer on payment of costs.