Haight, J.
The facts agreed upon are in substance as follows: Maria Anna Doll,in her lifetime and at the time of her death, owned and possessed about twenty-eight and one-half acres of land, situate in the city of Buffalo, being part of lot number fifty-one, in township eleven, range seven, in the Holland Land Company’s survey; that she died in the month of January, 1819, leaving a last will and testament which was duly proved and admitted to probate as and for the last will and testament of real and personal estate, before the surrogate of Erie county, on the 5th day of February, 1819; that in and by such last will and testament, and after providing for the payment of her debts and funeral expenses and certain legacies, she gave, devised and bequeathed all the rest and remainder to her children, naming them, to be divided between them share and share alike, and nominated and appointed her sons, Michael Doll and Joseph Doll, to be executors, with power to sell and dispose of her real estate at public or private sale at such time or times, or upon such terms and in such manner as to them shall seem meet.
Thereafter by deed bearing date the 1st of July, 1881, Michael Doll and Caroline, his wife, conveyed to Elizabeth Doll, all their right, title and interest in the premises. Thereafter by deed bearing date, September 10, 1881, Joseph Doll and Michael Doll, as executors, and all the legatees and devisees, named in the will, with their respective husbands and wives, excepting Michael Doll and Joseph Doll (the said Michael having previously conveyed his interest as aforesaid), conveyed all of their interest in such lands to Elizabeth Doll. Thereafter, and on or about the 1st day of November, 1886, Joseph Doll and Elizabeth Doll, the plaintiffs, entered into a contract with the defendant for the sale of such lands to her; that subsequently they made and executed a deed duly acknowledged, and tendered the same to the defendant in accordance with the provisions of the contract, and she refused to accept the same or to pay for the premises as specified in the contract; that her reason for such refusal was that the title in Joseph and Elizabeth Doll was not perfect by reason of the con *255 tract hereinafter set forth. Upon search of the records of the clerk’s officer the following was found: “For a good, and valuable consideration to me, the undersigned, Patrick T. Bierne, agent for M. Doll, administrator and others, owners of the land below, of the city of Buffalo, in the county of Erie, and state of New York, in hand paid by James S. Lyon, of the city of Buffalo, and for one dollar, the receipt of which I hereby acknowledge, I do hereby covenant and agree for the owners thereof, their administrators, heirs, executors and assigns, to sell and convey to said James S. Lyon, his heirs, executors, administrators or assigns, by a good and sufficient deed containing covenants of seizin and warranty, and free from all right of dower or incumbrances, whatever, upon the payment by said Lyon, his heirs, executors or assigns, if made within eight days from the date thereof, the following described premises, to wit: (Then follows a description of the premises including the lands in question). Known as the Doll estate, situate on the southwest corner of Walden avenue, late Best street, and the Williamsville road, containing twenty-eight acres and one-half of an acre. Terms of sale. If the said Lyon shall conclude to purchase, as follows: “$6,000 on delivery of deed and $6,000 within five years, to be secured by bond and mortgage, one and one-half per cent commision to be allowed said Bierne by purchaser. The deed shall be delivered upon payment to me of the sum of $6,000, within eight days from the date thereof. This agreement, however, shall be absolutely void and have no effect unless payment of the above-mentioned sum be made or tendered within eight days from the date hereof.
Witness my hand and seal, this 16th day of May, A. D., 1881.
P. T. BIERNE, agent M. Doll.
For a valuable consideration to me in hand paid, I hereby certify the above, and agree to make perfect title within the time agreed upon.
May 17, 1881.
MICHAEL DOLL. [l. s.]
The plaintiffs ask judgment that the defendant accept the deed and perform the contract on her part. The question thus presented is whether or not this contract between Bierne and Lyon forms a cloud upon the title. It will be observed that there is no evidence that Bierne was the agent of the executors or any of the devisees under the will. No power of attorney appears of record or in the facts agreed upon. The only ratification is by Michael Doll, which is embraced in his certificate attached to the contract. Michael was but one of the ten devisees and indi *256 vidually was entitled to but one-tenth part of the premises. As executor he could only convey when joined with his co-executor, and his ratification is not as executor. The case fails to show whether or not Lyon demanded conveyance and tendered the $6,000 within the eight days limited by the contract. Within two months thereafter we find Michael Doll and wife conveying his interest to Elizabeth Doll, one of the plaintiffs, and a short time thereafter joining with his co-executor in a conveyance to her as executors under the power given by the will. There is no evidence that Elizabeth Doll, in so taking title, had any notice of the contract of Lyon. True, the contract had been recorded, but its record in no way added to its force or validity. The only effect of the statutory provision for the recording of contracts for the sale of lands (1 R. S., 762, § 39) is to preserve evidence and facilitate the proof thereof, and the record is not constructive notice to subsequent purchasers or encumbrancers, and no action can be maintained to .cancel it as a cloud upon the title. Boyd v. Schlesinger, 59 N. Y. 301; Washburn v. Burnham, 63 id., 132, 135.
It would consequently appear that Elizabeth Doll acquired the title of Michael Doll, and that that title is good as against any claim that can be made under the contract.
Again, it appears that the executors have joined in a conveyance of the land with the devisees, under the will. It consequently would not be possible for Michael Doll to now specifically perform the contract. The rule is that specific performance will not be decreed when performance is impossible. That in such cases the proper remedy is in an action for damages. Sternberger v. McGovern, 56 N. Y., 12, 20; Peters v. Delaplaine, 49 id., 362; Dixon v. Rice, 16 Hun, 422.
Judgment should be awarded in favor of the plaintiffs, that the defendant accept the deed tendered and perform the contract, or her part, but without costs of this action,
So ordered.
Bradley and Lewis, JJ., concur.