“ Dugro, J.
—The evidence establishes that on April 16, 1885, there was on deposit in the Garfield National Bank, to the credit of Patrick McCann, a balance exceeding $660, which had been derived from and was an asset of, a partnership business, conducted by plaintiffs and Patrick McCann, prior to and until the mentioned date; that this balance was, on said date, transferred by Patrick McCann to the plaintiffs, notice of which was given to the bank subsequent to April 18th; that on the 15th of April, preceding the transfer, the defendant Maria McCann received from Patrick McCann his check, drawn on the defendant bank to her order for $660, in part payment of an existing debt; that on April 18th, this check was deposited in the defendant bank to the credit of Maria McCann, and credited to her account as cash; that the defendants McCann had and kept separate ordinary banking accounts with the *66 bank, making deposits with and drawing checks upon the latter as occasion required.
“The plaintiffs ask that the defendant Maria Mc-Cann be perpetually restrained from withdrawing from the bank, and the bank from paying, $660, claimed to be the proceeds of the check, and that this sum to the credit of Maria McCann’s account be declared their property, etc.
“ As the ordinary relation of banker and depositor existed between the McCanns and the bank, their accounts were subject to the ordinary rules applicable to bankers’ accounts, one of which is that if a check is deposited in the ordinary way of business to the credit of a person’s bank account, and by the bank placed to the credit of the depositor as cash, the effect of the transaction is to make the bank debtor to the depositor for the amount of the check, and to pass the title to the check to the bank. Justh v. National Bank of the Commonwealth, 56 N. Y. 478.
“The bank, having received its title to the check prior to the receipt of notice of the transfer by Patrick McCann, has a right to charge it up against the latter’s account.
“ The defendant Maria McCann can be restrained, as plaintiffs ask, only if it appears that a trust is impressed upon $660 of the amount to her credit in the bank, of which trust she is the trustee for the plaintiffs as cestui que trust. The facts presented by the evidence do not warrant a finding that she has been guilty of any fraud in obtaining the check, or acted in any way other than in good faith, or is other than a bona fide holder of the check for an existing debt; and, with this so, no trust or agency can be held to have been created in plaintiffs’ favor.
“ In the absence of such a trust or agency, the rule seems to be that it is only cto the extent of the interest remaining in the party who committed the fraud, that *67 money can be followed as against an innocent party, having a lawful title, founded upon consideration; and, if it has been paid, in the ordinary course of business, either upon a new consideration, or for an existing debt, the right of the party to follow the money is gone. Justh v. National Bank of the Commonwealth, supra.
Gildersleeve, Palmer & Boothby, attorneys, and John W. Boothby of counsel, for appellants, argued:—
I. The complaint alleged all the facts necessary for a recovery of a personal judgment for the amount of the deposit belonging to the plaintiffs, and wrongfully transferred by the defendant McCann to his wife, and the court found all the necessary facts for such a recovery. The mere fact that the prayer of *68 the complaint was for equitable relief, does not preclude the plaintiffs from recovering any relief, legal or equitable, to which they may be entitled upon the facts stated in the complaint and proven on the trial. Fairchild v. Lynch, 42 N. Y. Supr. 265; Steinberger v. McGovern, 56 N. Y. 12; Hale v. Omaha National Bank, 49 Ib. 629; Stevens v. The Mayor, 84 Ib. 304.
*67 “ This rule seems indispensable to the safe transaction of commercial business.
“ The plaintiffs, in their brief, ask that, if judgment cannot be given as prayed for in the complaint, a judgment for $660, the amount of the deposit, should be given against the defendant Patrick McCann, and refer me to section 1207 of the Code, and several authorities, as warranting such a disposition of the case as against him.
“A judgment against this defendant cannot be had in this action, as no cause of action, alleged in the complaint, has been proved, nor has the complaint been amended so as to conform to the proof.
“I might also add that if the existence of a cause of action against Patrick McCann has been disclosed by the evidence, it is, if one he has, a right to have passed upon by a jury.
“ There should be judgment for the defendants, dismissing the complaint, with costs to the defendant McCann, and costs after notice of trial and before trial to the bank.”
*68 II. Patrick McCann was not entitled to a jury trial on that issue. The action was brought upon a state of facts upon which the plaintiffs claim they were entitled to equitable relief, a,nd such relief was sought. It was therefore within the jurisdiction of the court of equity, and the court, although denying equitable relief, may retain the action and give a personal judgment. Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 214 ; Fairchild v. Lynch, supra.
III. But, even if the defendant Patrick McCann was originally entitled to a jury trial in this action, he waived it by noticing the case for special term and trying it there without objection, or demand for a jury trial.
IV. The court erred also in not granting the plaintiffs the relief they demanded in the complaint. In support of his position, the learned judge who tried the case, cited the case of Justh v. National Bank of the Commonwealth, 56 N. Y. 478. That case is not a parallel one, and is not decisive' of the point. There was no question in that case of following the property in equity; and even if there had been, it was not a parallel case to the one at bar; nor is the case of Oddie v. The National City, 45 N. Y. 738. In the case at bar the deposit in the bank on the day of the transfer to the plaintiffs was simply a cause of action against the. bank nominally in favor of Mr. McCann, but in fact the property of the plaintiffs. That chose in action has never, been collected, and the bank, in a suit to collect it, brought by Mrs. McCann, the *69 apparent owner of it, it would be a perfect defence, even under the rule laid down in the case cited, by showing that when McCann’s check was presented by Mrs. McCann, and the credit given her, McCann had no title to the account and transferred none to his wife. If this be so, then no money was ever paid Mrs. McCann, and it was exactly as if McCann had held a note or a Government bond as the agent or trustee of the plaintiffs, and had transferred the same wrongfully to his wife in payment of his individual debt, conceding, for the sake of the argument, that there was a debt. No one will contend that such a bond or note so transferred could not be reached by the plaintiffs in the hands of Mrs. McCann, either by replevin or by an action in equity to recover it. 2 Perry on Trusts, § 828 ; Wetmore v. Porter, 92 N. Y. 76. But the courts have even gone farther than that, and said that where a party receiving money or property belonging to another person, either in law or in equity, and wrongfully disposed of by that person in the payment of his individual debt, may be recovered from the person who receives it, and the fact that he received it without knowledge of such conversion would be no defence, unless he not only had no knowledge of the title of the property, but also paid a valuable consideration for it, and an antecedent debt is • not such a consideration. Brown v. Houck, 2 N. Y. St. Rep. 194, 196. And in Denton v. Merrill, where money was received in a fiduciary capacity by a member of a firm individually, and by him paid over to his firm and credited on the books of such firm to such partner, the court, holding that such trust fund could be followed into the hands of such firm, said: “ The mere fact of its deposit to the credit of the firm (i. e. in the firm bank) did not relieve it from its character of trust funds, so as to defeat the right to follow and recover it as such.” Denton v. Merrill, 5 St. Rep. 391. Here all the parties, as we have *70 said, are before the court. The bank has never paid out the money and nobody has actually received the money. In other words, the bank owed a debt which they have never paid, an'd the question is brought up, all parties being in court, where perfect justice can be done, to whom shall it be paid ?
V. If the account against the bank for the deposit has never been collected, the court has the power to grant the equitable relief asked in the' complaint. Merritt v. Thompson, 3 E. D. Smith, 294.
Samuel Greenbaum, attorney for respondent McCann, and of counsel for respondents, argued:—
I. The plaintiff cannot maintain his cause of action. The learned trial judge, in his opinion has correctly stated the rule with respect to deposits with a bank. Justh v. National Bank of the Commonwealth, 56 N. Y. 478; Oddie v. National Bank of New York, 45 N. Y. 735. There being no fraud alleged, and none attempted to be proved in the case, upon what theory can the plaintiffs maintain the action against the defendants ?
II. Plaintiff should not succeed in this case, as he has not made out a case of equitable relief. It is a well settled rule that a court of equity will not grant an injunction in a case where the plaintiff has an ample remedy at laiv. This proposition is so well settled» that it is unnecessary to cite authorities in support thereof. There can be no doubt that if there was any fraud or collusion of any kind that plaintiffs would have their remedy against the defendants .in an action for damages. But the evidence amply shows that there was no fraud.
Per Curiam.
The judgment should be affirmed, with costs, upon the opinion of the trial judge at special term. As to the claim made upon this appeal that the plaintiffs should have had .at least a *71 personal judgment against Patrick McCann for the reason that the latter waived a trial by jury, it should be said that the case contains no evidence of any such waiver.