Judge Marshall
delivered the Opinion of the Court.
If the femes coveris who are defendants in this case had been bound by a, contract of their ancestor, or by their own contract before coverture, to convey the land in ... J question, they would hold the title as mere trustees and might well have been decreed to make the conveyance, ° J ’ and if they could not have been compelled personally to perform the decree, their title might have- been effectually passed by a commissioner. But as they are in no manner bound to convey, and as there is no such evidence of their assent, as according to the case of Tevis’ Representatives vs.:Richardson’s Heirs, 7 Mon. 659, authorizes the Court to coerce their title from them—the decree, as to them, must be a dead letter, unless they choose voluntarily to unite with their husbands in the . . . n tit execution and acknowledgment 01 proper deeds. In effect, the whole force and efficacy of the decree, so far as it relates to their title, depends upon their own will. It cannot be carried into effect by the act of a commissioner, nor by personal coercion on process of ' *124 contempt, and the decree being final, if the deed should not be voluntarily made, the Court cannot go behind it for the purpose of again, taking up the cause upon its merits and giving relief in some other and more effectual mode.
Where it appeals that femes coverts not bound to convey, are probably willing to unite with their husbands in a conveyance, time should be given to produce deeds duly executed by them, & then otherparties bound may be decreed |b cpnvey, also.
It is therefore apparent, that where, as in the present case, the complainant comes into Court praying, in the alternative, for a title vested in femes covert together with others who are co-heirs with them; or, if fie cannot get the title, for repayment of the purchase money, paid upon a contract with the husband of the femes and the other co-heirs, for the same title, a final decree “that the defendents shall convey” while it bars the complainant from all further remedy for recovering bacli the purchase money, furnishes no certain and ef-. fectual means of getting the title. And as the com-, plainant is obviously entitled, either to a conveyance of the title of the heirs which he bought, or to a re-, payment o,f. the money which he gave for it, the decree falls short of that full measure of justice which a Court of Equity should secure to its suitors. It provides but for the partial execution of the contract, and bars all remuneration for any failure as to the residue. This iq evidently prejudicial to him, and is an error of which he may properly avail himself in this. Court for the reversal of the decree.
The complainant, under the circumstances of his purchase, is bound to accept a proper deed, conveying the title of the heirs as it is, It seems' qyite probable, as well from the statements of those defendents who have answered, as from the fact of an informal deed having been tendered, purporting to be executed by several of the femes coverts, that all the adult heirs are entirely wil-, ling to execute a proper deed, But for the reasons ah ready stated, there should have been no final decree barring the complainant’s right to the purchase money until a deed or deeds properly authenticated for passing the title pf the femes, had been produced in Court. It was within the discretion of the Court to have allowed reasonable time fop this purpose when the cause was heard, and to haye suspended the final decree upon the *125 result. We think this would be the proper course when the cause goes back to the Circuit Court, and upon the production of an effectual deed from the femes covert, the other adult heirs or such of them as may not have . ..... , . . previously conveyed their title to the complainant may be decreed to do so.
Where there are infant def’ts to a bill for a conveyance, a dismissal as to them, ought, it seems, to be without prejudice, at least so far as relates to the pur chase money.
The consent of a guardian ad litem will not justify a decree for a conveyance pf estate, infant’s, not bound to convey, when it appears it would be to the prejudice of the infant; but if it appears to be to his advantage, the conveyance may be de-i creed—the decree subject, of course, to be comes of age.
It appears that the defendant James Devore, in whom a very minute portion of not more than one sixtieth part of the title to the land in question is vested, is an infant, and that after service of process upon him, and an answer by his guardian ad litem, regularly appointed, the bill as to him was dismissed absolutely; this is now assigned for error; and it is contended that the complainant should not be thus barred from obtaining this portion of the title, without either rescinding the whole contract, or at least decreeing to him a corresponding portion of the purchase money.
If it had been proper to dismiss the bill at all as to the infant defendant, we should have been inclined to the opinion that, under the peculiar circumstances of this case, it should have been dismissed without prejudice to any future suit, at least so far as relates to the recovery of so much of the consideration paid by the complainant, as is proportioned to that part of the title which was vested in the infant. But taking the answer of the infant by his guardian together with the answer of Anne Pulliam, his grand mother, to which he refers, and the exhibits referred to in the last named answer, we think there is such an assent on the part of the guardian to the sale, under which the complainant claims, and to a conveyance being made in pursuance pf that sale, as authorized the Court to decree the infant’s title to be conveyed, subject, of course, to the usual saving in such cases. If, indeed, it appeared, that such convejmnce was or probably would be prejudicial to him, the Chancellor would not decree it on the mere assent of the guardian, where the infant was under no obligation to convey. But there seems to be no ground for any such apprehension in the present case; and moreover, upon the facts and exhibits contained in the answrer of Anne Pulliam, the truth of W’hich there is no *126 reason to doubt, it would seem that this infant and otl> erg g(;anci jn same relation to the title, have no beneficial interest in it, but hold it in fact as mere trustees for the other heirs, most of whom are bound, and of whom are probably willing to fulfil the contract of sale.
Unless, therefore, the defence of the infant should be changed before the final disposition of the suit, it will be proper, on the production of a deed or deeds from the femes coverts, as before mentioned, to decree the conveyance of the infant’s title.
The decree is revei-sed, and the cause remanded for further proceedings, in conformity with this opinion.