DEMAREST and others *vs.* RAY, executor, &c. and others.

A sale of land may be made as well by an executory contract as by a deed of present bargain and sale.

A testator, by his will, authorized his executors, if they should think it advisable, "to *sell* such number of lots, not exceeding twenty," of 25 by 100 feet, as might be necessary to pay charges and assessments. *Held* that an executory contract, by the executors, for the sale of lots, was authorized by the will, and was, to the extent of the number of square feet embraced in it, and subject to the contingency of its possible non-fulfillment, an execution of the power; especially if the vendee was let into actual possession, and subsequent purchasers were duly informed of the facts.

The deed, in such a case, when delivered, relates back to the contract, and has the same effect against subsequent purchasers with notice, as if it had been delivered on the day of the sale.

When subsequent purchasers know that the power of the executors has been conditionally exhausted, they take their deeds subject to the chance of their being in part inoperative, in case the sales made to their predecessors shall be consummated by a fulfillment of the conditions.

THIS was a case settled and agreed upon by the respective parties, and submitted to the court under the provisions of section 372 of the code. It contained the following facts: On the 22d day of March, 1834, one Richard Ray, then of the city, county and state of New York, made his last will and testament, which contained, among other things, a clause "authorizing and empowering his executors, if they should consider it advisable, to sell such number of lots, not exceeding twenty, (such lots to be of dimensions not exceeding twenty-five feet by one hundred feet,) as might be necessary to pay charges and assessments." The testator died on the 21st of March, 1836, seised of certain real estate in the city of New York. The will was duly proved before the surrogate, and letters testamentary were issued by him to Robert Ray, one of the executors named in said will, on the 8th day of August, 1836, and to Mary Rebecca Ray, the executrix named in said will, on the 28th day of May, 1844. The executor, on or about the 25th day of March, 1837, executed and delivered a deed to John A. King, in consideration of the sum of twenty-five hundred dollars to him paid by said King, of ten lots of

land lying adjacent to, and immediately in the rear of, ten other lots fronting on Twenty-seventh street; also another lot in the rear of a lot fronting on Twenty-eighth street. The deed was recorded in the office of the register of the city and county of New York, on the 1st day of April, 1837, and it stated that it was executed in pursuance and in execution of the authority and power contained in said will. The number of square feet contained in the two plots of ground, as described in said deed, was 11,075 feet, or thereabouts. On or about the 5th day of October, 1857, the executor and executrix executed and delivered a deed to Morgan Pindar of certain other lots, in consideration of the sum of $49,500 to them paid by said Pindar.

On the 18th day of March, 1858, the executor made and executed with Nicholas L. Demarest and Joseph Smith, two of the plaintiffs, certain articles of agreement for the sale to them of the lots of ground therein described, upon the terms and conditions therein mentioned. The lots, the title to which was covenanted to be conveyed by said executor in and by said agreement, contained, together, an area of 9825 square feet, or thereabouts. In pursuance of said agreement the executor gave, and said Demarest and Smith took, immediate possession of the lots therein described; and thereupon, together with Daniel H. Smith and Washington Cooper, to whom said Demarest and Smith assigned an interest in said agreement, proceeded to improve, and did improve, the same, in compliance with the covenants contained in said agreement; and thereupon the executor and executrix executed and delivered to Demarest and Smith a deed in due form, for the conveyance to them of the title of a portion of the lots described in said agreement, and at the request of the said Demarest and Smith, executed and delivered a like deed to Daniel H. Smith and Washington Cooper, for the conveyance to them of the title to the remaining portion of the premises therein described, and covenanted to be conveyed. On receiving their deed from the executors, Demarest and

Smith, in exchange therefor, and in compliance with their covenants in said agreement, delivered two bonds to said grantors, each of said bonds being duly executed by said Demarest and Smith, in the penalty of $12,000, conditioned to pay said executor, his assigns or successors in office, the sum of $6000 on the 1st day of August, in the year 1863, with interest thereon from the 1st day of August, 1858, at the rate of seven per cent per annum, payable semi-annually; each of said bonds was accompanied by a mortgage securing the payment of the said bond in the manner and at the time therein required, and each of said mortgages being duly executed by said Demarest and Smith and their respective wives. Smith and Cooper also executed their bond and mortgage to the executors, to secure the payment of the purchase money of that portion of the land which had been conveyed to them. These mortgages were duly recorded.

On the 22d day of March, 1858, the executor made and executed with William Bedell, Garret G. Vanderbilt, Cornelius Bedell, John Russell, James Gillies, Crowell Martin and Abraham Terhune, an article of agreement for the sale to them of certain premises therein described, which premises contained, together, an area of 12,344 square feet, or thereabouts. At the time the said last mentioned articles of agreement were made and entered into, the parties thereto had full knowledge that the said agreement, by and between the executor and Demarest and Smith, had been entered into and was then in due process of completion. That in pursuance of the agreement made and entered into as last above stated, the executor gave, and the said parties of the second part therein named took, immediate possession of the lots therein described, and thereupon proceeded to the improvement of the same, in compliance with their covenants with the executor in said agreement; and afterwards the said executor and executrix executed and delivered deeds to the said William Bedell, Garret G. Vanderbilt, Cornelius Bedell, Crowell Martin and Abraham Terhune, in due form, for the conveyance

to each of them in severalty of the title to a portion of the lots described in said agreement, and to John Russell and James Gillies a like deed for the conveyance to them jointly of the title to the remaining portion of the lots described in said agreement. Each of said deeds bore date March 22d, 1858, and was acknowledged by said Robert Ray, as executor, April 14th, 1858, and by said Mary R. Ray, as executrix, April 16th, 1858. The deeds to the said William Bedell, Cornelius Bedell, Garret G. Vanderbilt and Crowell Martin, were all delivered to them respectively on the 4th day of August, 1858, and the deeds to Abraham Terhune, and John Russell and James Gillies, were both delivered by the said grantors, August 5th, 1858. On receiving which deeds the grantees executed their bonds and mortgages to the executors, to secure the payment of the purchase money. At the dates of the respective conveyances above mentioned, neither of the parties to this action, excepting the executors, had actual notice of the prior conveyances made by the said executors. The plaintiffs alleged that, under and by virtue of said will, the executor and executrix had originally full power and authority to sell and convey, if they should deem it advisable, twenty lots of land—such lots to be of dimensions not exceeding twenty-five feet by one hundred, making a total area of 50,000 square feet; that by the deed to John A. King was conveyed 11,075 square feet, or thereabouts; that by the deed to Morgan Pindar there was conveyed 27,156 square feet, or thereabouts; that by the agreement with Demarest and Smith there was covenanted to be conveyed 9875 square feet, or thereabouts; and that by the agreement of the 22d of March, 1858, secondly above set forth, there was covenanted to be conveyed 12,344 square feet, or thereabouts—making a total of 60,450 square feet, and being in excess of the power granted by said will of 10,450 square feet. And the plaintiffs claimed and insisted that at the time of the execution and delivery of the first agreement by the executor to Demarest and Smith, as above stated, said executor had full power, right and au-

thority, under and by virtue of the will of Richard Ray, to sell and convey the premises described in said agreement; and that by said Demarest and Smith executing said agreement and complying with their covenants therein, the plaintiffs equitably became the owners of the lots therein described, and were entitled to the fee thereof, free and clear of all incumbrances of every kind and nature, and to have and to insist upon a full execution of said power of sale for the purpose of giving them such title thereto. The plaintiffs also claimed and insisted that, as the defendants William Bedell, Garret G. Vanderbilt, Cornelius Bedell, John Russell, James Gillies, Crowell Martin and Abraham Terhune, at the time of entering into said second contract of the 22d of March, 1858, and at the time of receiving their said deeds under the same, as above stated, had notice and actual knowledge of the rights of the plaintiff under the said contract of the 18th of March, 1858, they did not, nor could they, obtain any rights superior or prior to those of the plaintiffs, by obtaining or receiving an earlier delivery of their deeds; and that the deeds to the plaintiffs were, by reason of the facts hereinbefore set forth, legal, valid and binding, and had conveyed to and vested in the plaintiffs the title of their said lots in fee.

While, on the other hand, the defendants William Bedell, Garret G. Vanderbilt, Cornelius Bedell, John Russell, James Gillies, Crowell Martin and Abraham Terhune insisted, 1st. That the power of sale was only exhausted by the actual delivery of the deeds from the executors to the various purchasers, and in the order of such delivery. 2d. Assuming that by the true construction of the will the executors were authorized to sell 50,000 square feet of land, and that after the conveyance by them to Pindar there remained 11,769 square feet unsold, the power to sell the residue continued unexhausted until the 4th day of August, 1858, the date of the delivery of the deeds to William and Cornelius Bedell and Vanderbilt and Martin; and those deeds formed a valid execution of the power, to the extent of 8229 square feet, the

gross contents of the land conveyed by them, and the residue on which the power of sale still remained unexhausted, viz. 4116 square feet passed by their deeds delivered August 5th, 1858, to the defendants Russell and Gillies and Terhune. 3d. That the existence of a mere executory contract for the sale by the executors of other lands to Demarest and Smith does not affect the titles severally conveyed to these defendants, or either of them, and it is immaterial whether the defendants had notice of such contract.

*Wm. S. Hascall,* for the plaintiffs.

*C. J. & E. Dewitt,* for the defendants Bedells and others.

*Daniel Lord,* for the executors of Richard Ray.

*By the Court,* ROOSEVELT, J.   This is a case agreed upon and submitted under the code, without pleadings or arguments.   We have given to it all the " consideration" which, without the aid of counsel, we could conveniently bestow, and have come to the conclusion that the points insisted on by the defendants are not well founded.

Mr. Richard Ray, by his will, authorized the executors, if they should consider it advisable, " to *sell* such number of lots, not exceeding twenty," of twenty-five by one hundred feet, as might be necessary to pay charges and assessments. A sale may be made as well by an executory contract as by a deed of present bargain and sale.   The contract in question, therefore, being authorized by the will, was, to the extent of the number of square feet embraced in it, and subject to the contingency of its possible non-fulfillment, an execution of the power; especially if, as in this case, the vendee was let into actual possession, and subsequent purchasers were duly informed of the facts.   The deed, in such case, when delivered, relates back to the contract, and has the same effect against

subsequent purchasers with notice, as if it had been delivered on the day of the sale.

The defendants knew that the power of the executors had been conditionally exhausted. They took their deeds, therefore, subject to the chance of their being in part inoperative, in case the sales made to their predecessors should be consummated by a fulfillment of the conditions.

Judgment for the plaintiffs, declaring their right and title to be paramount to those of the defendants, and that the deeds to the plaintiffs are "legal, valid and binding, and have conveyed to, and vested in, the plaintiffs the title of the lots therein mentioned, in fee."

[NEW YORK GENERAL TERM, May 2, 1859. *Roosevelt, Ingraham* and *Davies,* Justices.]

