LE DELTA A. BOSTWICK, Respondent, *v.* EMILY P. BEACH et al., Executors, etc., Appellants.

Where executors, empowered by the terms of the will to sell their testator's real estate, enter into an executory contract for such sale, performance of the contract may be enforced in equity at the suit of the purchaser.

A purchaser of real estate for full value is entitled to have incumbrances removed out of the purchase-money.

Where land contracted to be sold by executors is subject to a dower right of the testator's widow, the purchaser may elect to carry out his purchase and take title subject to the dower right, and if he does so elect, he is entitled to an abatement from the contract price, equal to the gross cash value of the dower right.

Where the widow was also executrix, and as such one of the parties to the contract of sale, and was made a party defendant to an action for specific performance, both in her representative and individual capacity, *held*, that by joining in the contract of sale, without any reservation therein of her dower right, she consented, so far as her individual rights were concerned, to make a good title and to look to the purchase-money, as a substitute for the land, for her dower right therein.

A widow may dispose of her dower right before it is admeasured.

Where a purchaser is ready and willing to perform a contract for the purchase of real estate, and the delay is on the part of the vendor, the former is entitled to the rents and profits from the time when, according to the terms of the contract, possession should have been delivered ; or if the vendor has remained in possession he is chargeable with the value of the use and occupation from the same period, and the purchaser is chargeable with interest on so much of the purchase-money as has remained in his hands unappropriated.

Where, however, the purchase-money has been appropriated and notice thereof given to the vendor, and the purchaser has received no interest thereon, he is not liable to pay interest to the vendor.

Where it appeared that the purchaser paid a portion of the purchase-money at the time of making the contract, and on the day appointed for its per-

formance tendered the residue, and, on its being refused, deposited the same in bank on notice to the vendors, subject to their order, to be delivered to them on execution and delivery of the deed, *held*, that the appropriation of the purchase-money was complete and sufficient to discharge the purchaser from liability to pay interest.

Plaintiffs, as executors, having, by the will of their testator, a power of sale of the real estate, on December 27, 1881, signed a paper acknowledging receipt from defendant of $500, to apply on purchase of a farm, which they stated had been " bargained to be sold " to him for $11,000 " on 1st day of March, 1882, on payment of the balance." In an action for specific performance, *held*, that this constituted a valid contract of sale.

Defendant E., widow of the testator, had a dower right in the land and there was a mortgage upon it for $900. The balance of the purchase-money was tendered but refused, and was then deposited in bank, with notice to defendants and subject to their order, on their executing an ordinary executor's deed. The widow remained in possession of the land. *Held*, that judgment should provide for a payment of the mortgage out of the purchase-money, for an ascertainment of the value of the widow's dower right as of March 1, 1882, and a direction that she release her dower right ; also, entitling plaintiff to the whole rental value of the premises from the time specified, to be paid out of the gross sum ascertained as the value of the dower right of the widow.

(Argued October 4, 1886 ; decided November 23, 1886.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made April 22, 1885, which denied a motion for a new trial, after interlocutory judgment in favor of plaintiff, entered on decision of the court on trial at Special Term.

This was an action against defendants, as executors of the will of Nelson J. Beach, deceased, for the specific performance of a contract for the sale of land.

To prove the contract, plaintiff gave in evidence a written instrument, of which the following is a copy :

" Received, Watson, N. Y., 27th December, 1881, from L. A. Bostwick, five hundred dollars, to apply on the purchase of the property known as the Nelson J. Beach farm, situated at Beach's bridge, in said town, this day bargained to be sold to said Bostwick for eleven thousand dollars, and we hereby agree to execute a deed for said property to said Bostwick, on the 1st day of March, 1882, on payment of the balance of $10,500.

It being understood that the five hundred dollars this day received is to be deemed a forfeiture in case of non-compliance, and the undersigned agree to forfeit an equal amount in case of non-compliance on their part. Said farm is supposed to contain 275 acres. It being a condition of this sale that Mrs. Emily P. Beach and daughter shall have good and sufficient room in the residence on said farm for their use until May 1st, 1882, if desired.

"Horace L. Green,

"Alonzo H. Green,

"Emily P. Beach,

"*Executors.*"

The further material facts are stated in the opinion.

*C. D. Adams* for appellants. Defendant, Emily P. Beach, individually, and as executrix, had a legal right to move to dismiss the complaint. (Code Civ. Pro., § 499 ; 76 N. Y. 397 ; 47 id. 360 ; 74 id. 437 ; 35 Hun, 317 ; 23 Week. Dig. 191.) The complaint stated no cause of action against her as widow. (63 N. Y. 482–487 ; 1 Wash. Real Estate, 150, 233, 251 ; 4 Johns. 246 ; 10 Wend. 414–419 ; 45 Barb. 263–265 ; 49 N. Y. 111–116 ; 74 id. 437.) It states no cause of action against the executors, as such, or as donees of the power in the will. (4 Johns. Ch. 368 ; 3 Kern. 587–593 ; 63 N. Y. 482 ; 29 Barb. 593 ; 2 R. S. 735, § 13 ; 3 id. [7th ed.] 2192, § 13 ; 2 id. 135, § 8 ; 3 id. [7th ed.] 2326, § 8 ; 21 N. Y. 179 ; 31 Hun, 343 ; 99 N. Y. 1–7.) The written note cannot stand in place of the contract nor be treated as a contract by itself. (25 N. Y. 153, 155, 160, 161, 163 ; 25 Moak's Eng. Rep. 467 ; 99 U. S. 100 ; 27 Hun, 63, 64 ; Affirmed, 97 N. Y. 230 ; Pomeroy on Contracts, §§ 87, 88, 91 ; Story's Eq., §§ 752, 767 ; 13 Johns. 300 ; 2 Abb. Dig. 145, No. 1067 ; 31 Hun, 343.) There was error in admitting the written note to prove the alleged verbal contract. (Pomeroy on Contracts, § 91.) The contemplated sale is not absolute, but optional with the plaintiff. (3 Hill, 373–375.) One selling his own land cannot enforce an optional contract. (25 N. Y. 155.) A representative, as an executor, administrator, assignee

in trust, or other trustee, or donee of a power, or a public officer, or officer of the court, cannot make a covenant to bind his estate. If he will covenant, he must give an express covenant, with intent to bind himself personally. (32 Hun, 482; Rawle on Covenants [4th ed.], 42, 43, 49.) The power is a personal trust and confidence to be exercised jointly by all the executors. The individual judgment and personal assent of each must be given to the transaction, and the contract must be in writing. (4 Johns. Ch. 587; 3 Kern. 587–593; Perry on Trusts, § 176.)

*A. H. Sawyer* for respondent. The clause of the will of Nelson J. Beach authorizing his executors to rent, sell or convey his real estate, created a general power in trust, to be executed by the grantees to carry out the provisions of the will. (3 R. S. [7th ed.] 2188, §§ 74, 77, 94; *Kinnier* v. *Rogers*, 42 N. Y. 531.) The power to sell includes the grant of every thing necessary to carry this power into effect, as fully in every respect as if exercised by the grantor himself. (*White* v. *Miller*, 71 N. Y. 118, 130; *Nelson* v. *Cowing*, 6 Hill, 336; *Sanford* v. *Handy*, 23 Wend. 260; *Demorest* v. *Ray*, 29 Barb. 563; *Williams* v. *Woodard*, 2 Wend. 487; *Hedges* v. *Riker*, 5 Johns. Ch. 163; *Brown* v. *Presbyterian Congregation*, 6 Bosw. 245; *Warner* v. *Conn. Mut. L. Ins. Co.*, 109 U. S. 357, 362, 368; 3 R. S. [7th ed.] 2192, § 112.) The memorandum of sale signed by the defendants Alonzo H. Green, Horace L. Green and Emily P. Beach, as executors, is a full and complete contract of sale, containing every thing requisite under the statute of frauds, and is valid and binding upon the defendants. (3 R. S. [7th ed.] 2326, § 8; *Raubitsckek* v. *Blank*, 80 N. Y. 478; *Westervelt* v. *Matherson*, Hoff. Ch. 36; *Worrall* v. *Munn*, 1 Seld. 229, 244; *Briggs* v. *Partridge*, 64 N. Y. 363.) Want of mutuality is no defense in a suit against the vendor. (*Worrall* v. *Munn*, 1 Seld. 229, 244; *McCrea* v. *Purmort*, 16 Wend. 460, 465; *Clason* v. *Bailey*, 14 Johns. 484; Fry on Specific Performance, §§ 449, 450; *Howland* v. *Bradley*, 38 N. J. Eq. 288.)

The contract was properly executed by the defendants so as to bind them as executors and to bind the estate of which they were the representatives. (*Chouteau* v. *Suydam, Executor*, 21 N. Y. 179, 182; *Lee* v. *Methodist Church*, 52 Barb. 116; *Hood* v. *Hallenback*, 7 Hun, 362; *Hicks* v. *Hun*, 9 Barb. 528; *Brockway* v. *Allen*, 17 Wend. 40; *Olcott* v. *Tioga R. R. Co.*, 27 N. Y 546; *Babcock* v. *Beman*, 11 id. 200; *Many* v. *Beekman Iron Co.*, 9 Paige, 188; *Bostwick* v. *Beach*, 31 Hun, 346.) In every contract for the sale of lands, there is an implied warranty on the part of the vendor that he has and will convey a good title, free from incumbrance, to that which he assumes to sell, unless such warranty is expressly excluded by the terms of the contract. (*Burwell* v. *Jackson*, 5 Seld. 535, 545–6; *Delavan* v. *Duncan*, 49 N. Y. 485; *Penfield* v. *Clark*, 62 Barb. 584; *Pomeroy* v. *Drury*, 14 id. 418; *Carpenter* v. *Bailey*, 17 Wend. 244; *Jones* v. *Gardner*, 10 Johns. 266; *Swan* v. *Drury*, 22 Pick. 485; *Guynet* v. *Mantel*, 4 Duer, 86; *Roberts* v. *Bassett*, 105 Mass. 409; *Linton* v. *Hickborn*, 126 id. 32; *Story* v. *Conger*, 36 N. Y. 673; *Leggett* v. *Mut. L. Ins. Co.*, 53 id. 398; Rawle on Cov. of Tit. 430; 3 R. S. [7th ed.] 2192, § 113.) Where a contract made by a trustee contains a covenant that is not binding upon the estate which he represents, it is binding upon the trustee personally. (*Pumpelly* v. *Phelps*, 40 N. Y. 60; *New* v. *Nicholl*, 73 id. 127, 130; *Duvall* v. *Craig*, 2 Wheat. [U. S.] 45; *Sumner* v. *Williams*, 8 Mass. 162; *Donahoe* v. *Emery*, 9 Metc. 63, 66; *Whiting* v. *Dewey*, 15 Pick. 428, 432; *Sterling* v. *Peet*, 14 Conn. 245, 251; *Mitchel* v. *Hazen*, 4 id. 495, 513; *Bostwick* v. *Beach*, 31 Hun, 343.) A purchaser for full value is entitled to have incumbrances removed out of the purchase-money. (*Westervelt* v. *Matherson*, Hoff. Ch. 36.) Where the vendor is unable to make complete title to all the property sold, the purchaser has an election to proceed with the purchase *pro tanto* or to abandon it altogether. (Story's Eq. Jur., § 779; *Hill* v. *Buckley*, 17 Ves. Jr. 394; *Waters* v. *Travis*, 9 Johns. 450, 464; *Voorhees* v. *De Meyer*, 2 Barb. 37; *People* v. *Stevens*, 71 N. Y. 555; *Woodbury* v. *Luddy*, 14 Allen, 1,

6; *Hooper* v. *Smart*, 11 Eng. Rep. 608 ; *Davis* v. *Parker*, 14 Allen, 94, 104; *Park* v. *Johnson*, 4 id. 259 ; *Bostwick* v. *Beach*, 31 Hun, 343 ; *Harsh* v. *Reid*, 45 N. Y. 415, 419 ; *Peters* v. *Delaplaine*, 49 id. 368; 2 Story's Eq. Jur., §§ 794–6 ; *Worrall* v. *Munn*, 38 N. Y. 137; Fry on Specific Performance, §§ 1222–31 ; *Barlow* v. *Scott*, 24 N. Y. 40, 44 ; *Taylor* v. *Taylor*, 43 id. 578, 583 ; *Herrington* v. *Robertson*, 71 id. 280; *Andrews* v. *New Jersey Steamboat Co.*, 11 Hun, 490.) Where the defendant has appeared and answered, and in this case the defendant, Emily P. Beach, has appeared and answered, both individually and as executrix, the court will give such relief as the parties are entitled to, whether demanded in the complaint or not. (Code of Civil Procedure, § 1207; *Benedict* v. *Benedict*, 9 Week. Dig. 123 ; affirmed, 85 N. Y. 625 ; *Marquat* v. *Marquat*, 12 id. 336 ; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 id. 357; *Armitage* v. *Pulver*, 37 id. 494 ; *Payne* v. *Becker*, 87 id. 153.) When all is fair and the parties deal on equal terms, it is a universal rule in equity to enforce contracts for the sale of lands specifically at the demand of either the vendor or vendee ; and in such case it is as much the duty of the court to decree specific performance of the contract, as it is to give damages for its breach. (*Losee* v. *Morey*, 57 Barb. 561, 564, 565, 566 ; 2 Story's Eq. Jur., §§ 746, 748, 751 ; 3 Pomeroy's Eq. Jur., § 1402; Fry on Specific Performance, §§ 23, 25 [3d Am. ed., 11] ; *Rowen* v. *Presbyterian Congregation*, 6 Bosw. 245, 268 ; *Seymour* v. *Delancey*, 3 Cow. 445, 521 ; *Viele* v. *T. & B. R. R. Co.*, 20 N. Y. 184 ; *Ensign* v. *Kellogg*, 4 Pick. 1 ; *Crary* v. *Smith*, 2 Comst. 60 ; *Brown* v. *Haff*, 5 Paige, 235.) The plaintiff having paid the purchase-money in part, and having tendered the balance and deposited the same subject to the order of the defendants, is entitled not only to a specific performance of the contract, to the extent ordered by the court, but is entitled to recover the value of the rents and profits of the farm from March 1, 1882. (*Dias* v. *Glover*, Hoff. Ch. 71 ; *Cleveland* v. *Burrill*, 25 Barb. 532 ; *Taylor* v. *Taylor*, 43 N. Y. 578, 584 ; *Worrall* v. *Munn*, 38 id. 137, 142 ; *Mason* v. *Chambers*, 3 Monroe, 323 ;

*Sibert* v. *Kelley*, 6 id. 674; *Pumpelly* v. *Phelps*, 40 N. Y. 66.) The facts present a case where it was not only the duty of the court to decree specific performance of the contract made by the defendants, but where the court would, had the contract not been made, upon the application of the parties interested, have compelled the executors to proceed at once and sell the farm, in execution of the trust imposed upon them by the will, the execution of which had been most unreasonably delayed. (*Arnold* v. *Gilbert*, 5 Barb. 190, 195; 2 Story's Eq. Jur., § 1061; *Haight* v. *Brisbin*, 96 N. Y. 132.)

Rapallo, J. The will of Nelson J. Beach contained a valid power in trust to his executrix and executors to sell and convey his real estate, and declared that the sale should take place at an early day. Until such sale, the testator directed that his wife retain possession of the house occupied by him, for herself and her unmarried daughter, together with a certain portion of his farm.

The testator died February 22, 1876, seized in fee of the farm in question, which contained about two hundred and seventy-five acres of land, of the value of about $11,000, and was subject to a mortgage of $900, and the widow's right of dower.

Although, under the will, it was the duty of the executrix and executors to sell this farm at an early day, no sale appears to have been made until December 27, 1881, when the contract upon which this action was brought was entered into. In the meantime the widow and executrix, Emily P. Beach, remained in the substantial occupancy of the farm, and the estate received no income therefrom, but bore the charge of interest on the mortgage and insurance and repairs upon the buildings. That state of affairs continued at the time of the commencement of this action.

The receipt signed by the executrix and executors on the 27th of December, 1881, and set forth in the complaint, constituted, in our judgment, a valid contract for the sale of the farm to the plaintiff. It contained all the essential elements of

a contract, and was very similar in form to the contract set out in the case of *Westervelt* v. *Matheson* (Hoff. Ch. 37) and therein adjudged to be sufficient.

We entertain no doubt that where the executors of the will of a deceased person, empowered by the terms of the will to sell his real estate, enter into an executory contract for such sale, performance of such contract may be enforced in equity at the suit of the purchaser. The contract of sale is, in effect, an execution of the power, and confers upon the purchaser an equitable title to the land sold, and the court will compel the executors to perfect that title by a conveyance, where the contract is fair and for a sufficient consideration and there is no default or laches on the part of the purchaser. We are not referred to any authority directly in point, but the cases of *Bowen* v. *Trustees of Irish Presb. Church* (6 Bosw. 245) and *Demarest* v. *Ray* (29 Barb. 563), are analogous in principle.

There can be no valid objection, therefore, to decreeing the execution and delivery to the plaintiff by the executrix and executor of a deed conveying all the title which the testator had at the time of his decease, to the farm in question, on his complying with the terms of the sale.

This, however, would not accomplish complete justice. The purchaser is entitled to a clear title, free of incumbrances, where he agrees to pay the full value of the property. (Rawle Cov. of Tit. 430 ; *Burwell* v. *Jackson*, 5 Seld. 535.)

The mortgage of $900 presented no obstacle to the carrying out of the contract of sale, for the rule is well settled as laid down in *Westervelt* v. *Matheson* (Hoff. Ch. 37) that a purchaser for full value is entitled to have incumbrances removed out of the purchase-money. So far as the mortgage is concerned, that disposition of the case would do complete justice between the parties, for the estate of the testator would receive the full value of his interest at the time of his decease, such interest having been subject to the mortgage.

As to the dower right of the widow, a more complicated question is presented. If the purchaser should elect to carry out his purchase and take title to the land, subject

to that dower right, he would clearly be entitled to do so, and in that event would be entitled to an abatement from the contract price, equal to the gross cash value of the right of dower. If a seller of land is not able to comply fully with the contract, either in respect of the quantity of land or the extent of the estate, the court will, at the election of the buyer, decree specific performance of the contract, so far as the same can be performed, awarding compensation to the purchaser by way of abatement from the purchase-price, for any deficiency in title, quantity of land, or other matters touching the estate, the value of which are capable of being ascertained and thus compensated without doing injustice to either party. Upon this principle specific performance has been decreed where there was an outstanding dower right which the vendor could not control, and the purchaser elected to take, subject to that incumbrance. The gross value of the dower right has been adjudged in such cases to be the measure of compensation to be allowed to the purchaser by way of abatement from the price. ( *Woodbury* v. *Ludy,* 14 Allen, 1 ; *Dairs* v. *Parker,* id. 94, 98, 104.)

If, in the case now before us, the widow had not been a party to the contract of sale, she could not be compelled to accept in lieu of dower a money compensation out of the proceeds, and the only course open to the purchaser would have been either to reject the purchase *in toto,* or to elect to take title subject to her right to have her dower admeasured, and to be allowed out of the purchase-money a sum equivalent to the gross value of such dower right, which is ascertainable on established legal principles.

But here the widow was also executrix, and, as such, one of the parties to the contract of sale. She is also made a defendant in this action in her individual capacity. We think that by joining in the contract of sale, without any reservation therein of her dower right, she consented, so far as her individual rights were concerned, to make a good title to the purchaser, and to look to the purchase-money, as a substitute for the land, for her dower right therein. The point made on the

part of the defendant that she could not dispose of her dower before it was admeasured is decided adversely to her in the case of *Payne* v. *Becker* (87 N. Y. 153). She should, therefore, be decreed to release her dower to the purchaser on the payment to her of the gross value, out of the purchase-money.

The defense interposed, on behalf of the widow, to the effect that she joined in and executed the contract of sale without knowing or understanding its contents or effect, or comprehending the transaction, is negatived by the findings of the trial court. It appears that the contract was in all respects fair, for a full price, and one which it was her duty as executrix to make, and that her co-executors were desirous of carrying it into effect, and offered to her to make liberal provision for her individual interest in the land by investing about two-thirds of the proceeds for her benefit during her life, but that she has refused to carry out the sale, and has retained the substantial occupancy of the property ever since the time fixed for the completion of the sale, viz., March 1, 1862.

The only remaining questions are those which relate to the rents and profits from the time when the purchaser became entitled to his deed.

There can be but little controversy about the ordinary rules for the determination of these questions. Where the purchaser is ready and willing to perform, and the delay is on the part of the vendor, the purchaser is entitled to the rents and profits from the time when, according to the terms of the contract, possession should have been delivered, or, if the vendor has remained in possession, he is chargeable with the value of the use and occupation from the same period, and the purchaser is chargeable with interest on the purchase-money if it has remained in his hands unappropriated. But where it has been appropriated, and notice thereof given to the vendor, and the purchaser has received no interest thereon, he is not liable to pay interest to the vendor. (Fry on Specific Performance, 481, 483, 889; *Dias* v. *Glover*, 1 Hoff. Ch. 71, 78; Story's Eq., § 789; *Worrall* v. *Munn*, 38 N. Y. 137, 142.) In this case it appears from the findings that $500 of the purchase-

money was paid to the vendors at the time of the making of the contract, and that on the day appointed for its performance he tendered the residue, $10,500, and on its being refused by the defendants he deposited the same in the First National Bank of Lowville, on notice to the defendants, subject to their order, and to be delivered to them on the execution and delivery of a deed of the farm which had been previously tendered to them for execution, and which was an executor's deed in the ordinary form. The appropriation of the purchase-money thus appears to have been complete, and sufficient to discharge the plaintiff from liability to pay interest thereon.

The judgment appealed from attempts to adjust the equities by requiring the defendants to execute and deliver to the plaintiff an ordinary executor's deed of the premises, and renders judgment against them as executors for the rental value of the farm since March 1, 1882, fixed at $350, over and above the widow's use of one-third thereof, and rendering judgment against the defendant, Emily P. Beach, individually as well as in her representative capacity, for the amount remaining unpaid upon the mortgage, together with the value of her dower interest therein, to be ascertained according to the rules and practice of the court. We think that in these respects it requires modification. The amount unpaid upon the mortgage, instead of being charged personally upon the widow, should be paid out of the purchase-money. Instead of a personal judgment against the widow for the value of her dower interest, she should be directed to release her dower. The value of her dower right should be ascertained as of the 1st of March, 1882. She would have been entitled to that if she had performed the contract. The plaintiff being entitled to the whole of the rental value of the premises since that time, so .much thereof as has been deducted, by reason of her dower. right, from the rental value allowed to him as against the executors, should be paid to him out of the gross sum ascertained as the value of her dower right. The judgments of the General and Special Terms should be modified accordingly, and with these modifications the interlocutory judgment

appealed from should be affirmed, without costs of this appeal to either party.

All concur.

Judgment accordingly.