ABRAM M. ROOS, RESPONDENT, v. ISAAC LOCKWOOD, APPELLANT.

*Specific performance — not proper where a wife refuses to join in the deed.*

Where an owner of property executes a written agreement to give a deed thereof, and his wife subsequently refuses to join in the deed as a party thereto, in order to release her dower interest in the premises, and it does not appear that the refusal of the wife is in any way attributable to the husband, it is not proper to decree a specific performance of the contract either deducting from the purchase-price the actual cash value of such dower interest or leaving one-third of the purchase-money on mortgage at five per cent interest, the principal payable only after the wife's death, as an indemnity against the wife's right of dower.

APPEAL by the defendant, Isaac Lockwood, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orange on the 5th day of November, 1890, by which judgment it was ordered and adjudged, pursuant to the said decision, that the defendant, Isaac Lockwood, receive the balance of the purchase-money from the plaintiff and execute and deliver to the plaintiff a good and sufficient deed of the premises described in the complaint herein, free and clear of all incumbrances ; and in case the defendant's wife refuses to join in said deed, then that the actual cash value of her dower interest therein be deducted from the purchase-money to be paid by the plaintiff. Or, in case the defendant elects within twenty days after entry of judgment herein, he may leave one-third of the purchase-money on bond and mortgage at five per cent interest per annum, principal payable to the plaintiff one month after the death of the defendant's said wife, as indemnity to the plaintiff against the said wife's dower right. It is also further decreed that the plaintiff herein recover of the defendant the sum of one hundred dollars per month, the rental value of the said premises from April 1, 1890, until plaintiff obtains possession of said premises, less the interest on the purchase-money and any taxes paid on the premises, to be stated by Henry Bacon, to whom this account between the parties is referred, together with the costs and disbursements of this action, which said costs and disbursements amount to the sum of $286.32, and that the said plaintiff have execution therefor.

*B. R. Champion,* for the appellant.

*Lewis Hasbrouck* and *W. F. O'Neill*, for the respondent.

BARNARD, P. J.:

The defendant, by an agreement in writing, undertook to give a deed of a hotel property, in Orange county, to the plaintiff for the sum of $8,500, all to be payable at or before the delivery of the deed. The defendant's wife refused to join in the deed. The evidence does not show that this refusal by the wife is in any way attributable to the husband. The court ordered a specific performance of the contract, and if the wife persisted in her refusal the plaintiff was permitted to deduct one-third of the purchase-money, or, if the plaintiff so elected, to leave one-third of the purchase-money on mortgage, at five per cent interest, the principal payable, after the wife's death, as indemnity against the wife's right of dower. The power of a court of equity to decree a specific performance in such a case as this cannot be doubted. A contract made by a husband may be enforced against him if the purchaser elects, even if the dower right of the wife be left outstanding. The present case is not one where such specific performance should be granted. The wife holds an estate which the husband cannot sell, and if he does he subjects himself to an action for damages and also to one for specific performance, but there is nothing in the case which shows that one-third of the purchase-money should be rendered valueless to him during his wife's life. Such an arrangement, moreover, renders the title exceedingly unmerchantable for an indefinite period. Specific performance is not a right absolute under all circumstances. (*Hubbel* v. *Von Schoening*, 49 N. Y., 326.) The wife has not signed the contract of sale, and, therefore, cannot be compelled to accept in lieu of dower a gross sum, and no greater sum than a gross sum in lieu of dower is proper. (*Bostwick* v. *Beach*, 103 N. Y., 414.)

We think, therefore, that the judgment should be reversed and a new trial granted, to the end that the plaintiff may prove his damages as in an action at law, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.