## MAAS v. MORGENTHALER et al.

(Supreme Court, Appellate Division, Second Department. January 14, 1910.)

1. Specific Performance (§ 106*)—Parties—Wife of Grantor.
   Where the wife of the grantor did not sign the contract of sale, she is not a proper party to an action for specific performance.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 342; Dec. Dig. § 106.*]

2. Judgment (§ 693*)—Parties—Wife of Grantor.
   The dower interest of a wife cannot be determined adversely to her in an action, to which she is not a party, for specific performance of a contract for the sale of land made by her husband alone.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1216; Dec. Dig. § 693.*]

3. Specific Performance (§ 21*)—Persons Against Whom Performance May Be Enforced—Wife of Grantor.
   A wife cannot be required to execute a conveyance in specific performance of a contract for the sale of land executed by her husband alone.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 49, 50; Dec. Dig. § 21.*]

4. Specific Performance (§ 10*)—Partial Performance—Rights of Wife of Grantor.
   Where the wife of the vendor refuses to execute a deed in specific performance of a contract made by her husband alone, the vendee may elect to take the premises subject to her dower right, with a deduction from the purchase price of a sum equal to the gross value of such right.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 24; Dec. Dig. § 10.*]

Appeal from Special Term, Queens County.

Action by Louise D. Maas against Frederick Morgenthaler and another for specific performance. Plaintiff had judgment, and defendants appeal. Modified and affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

William J. Courtney, for appellants.
J. Franklin Tausch, for respondent.

JENKS, J. This is an appeal by the defendants from a judgment of the Special Term that decrees specific performance of a contract.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of the defendant Morgenthaler to convey real estate and that sets aside his conveyance thereof to the other defendant. The judgment is warranted by the facts found, and the exceptions to the rulings of the court are not of moment.

The appellants make objection in this court for the first time that the court could not decree specific performance because the contract of sale was executed by the owner of the premises alone, and yet he had a wife. His wife was not a party to this action. She was not a proper party to it. ˙Richmond v. Robinson, 12 Mich. 193; Venator v. Swenson, 100 Iowa, 295, 69 N. W. 522. Specific performance could not be enforced against her in this action. Her dower rights cannot be determined in this action adversely to her (Dixon v. Rice, 16 Hun, 422, 425), and she cannot be compelled to accept a money compensation in lieu thereof (Bostwick v. Beach, 103 N. Y. 414, 9 N. E. 41; Roos v. Lockwood, 59 Hun, 181, 13 N. Y. Supp. 128). The judgment herein requires the defendant Morgenthaler to execute a deed in absolute fee simple. It does not appear that his wife has refused to join in the execution thereof, and we cannot surmise that she will refuse. She must decide that question for herself, and we cannot coerce her, as did the old Court of Chancery, by imprisonment of the husband in jail until his wife yielded. See Story's Equity Jurisprudence (13th Ed.) vol. 2, § 731 et seq. Story in his Equity Jurisprudence, at section 735, says:

"Where, indeed, there is no pretense to say that the wife is not ready and willing to consent to the act, and that defense is not set up in the answer, but the objections to the decree are put wholly upon other distinct grounds, there may be less difficulty in making a decree for a specific performance. Even in such a case a court of equity ought not to decree in so important a matter affecting the wife's interest, without bringing her directly before the court and obtaining her consent upon full deliberation. But where the answer expressly shows an inability of the husband to comply with the covenant, and a firm refusal of the wife, it will require more reasoning than has yet appeared to sustain the justice or equity or policy of the doctrine."

In Pulliam v. Pulliam's Heirs, 4 Dana (Ky.) 124, the court allowed a reasonable time for determination by the necessary party to a conveyance. If she does refuse, yet the plaintiff may elect to take the premises subject to the dower right, with a deduction from the purchase money of a sum equivalent to the gross value of that right. Bostwick v. Beach, supra.

The decree should therefore be modified, so as to provide that, upon the failure of the defendant to deliver the deed required from him because of the refusal of his wife to join therein, the plaintiff may, within 10 days thereafter, elect to reject the purchase in toto, or to require the defendant to tender his deed, and of the character now required in the said judgment, and effective in all respects save as to the dower right of his wife, whereupon the plaintiff may have an abatement in the purchase price equivalent to gross value of the dower right, or that the plaintiff may apply to the Special Term for such amendment to her pleading as may permit her to recover damages in this action (see O'Beirne v. Allegheny & Kinzua R. R. Co., 151 N. Y. 382, 45 N. E. 873; Reynolds v. Wynne, 127 App. Div. 69, 111 N. Y. Supp. 248; Wilder v. Ranney, 16 Wkly. Dig. 478), which, I

may observe, may be declared a lien (Price v. Palmer, 23 Hun, 504), or to discontinue this action, without costs, and without prejudice to bringing another action for damages; and, as so modified, the judgment must be affirmed, with costs.

Judgment modified in accordance with opinion of JENKS, J., and, as so modified, affirmed, with costs. All concur.