ABRAHAM FELDMAN et al., Respondents, *v.* ABRAHAM LISANSKY, Appellant.

Specific performance — when court has power to direct specific performance of a contract of sale and conveyance without execution of deed by vendor's wife — when court has power to deduct value of inchoate right of dower from purchase price of property ordered to be conveyed.

1. In an action for specific performance for the sale and purchase of real estate, if there be an incumbrance upon the property contracted to be conveyed, and the would-be purchaser is willing to take title,

if an allowance be made for such incumbrance, the court can fix and determine an abatement therefor.

2. Defendant, the owner of real estate, agreed to sell it to plaintiffs at a stipulated price, subject to certain mortgages, but at the time of closing the sale defendant's wife, who had not joined in the contract, refused to sign the deed. The plaintiffs were willing to accept a deed without the wife joining in it provided an abatement of the purchase price were made. Defendant refused to make any allowance and the plaintiffs brought this action for specific performance, making the wife a party defendant. The trial court properly dismissed the complaint as to the wife and rendered judgment requiring the defendant upon the receipt of the purchase price less a specified sum, the value of the inchoate dower of the wife, to execute and deliver to the plaintiffs a full covenant warranty deed without the wife of defendant joining therein. The court had the power to do this, since the inchoate right of dower of defendant's wife was an incumbrance.

*Feldman* v. *Lisansky,* 208 App. Div. 856, affirmed.

(Argued October 16, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 30, 1924, unanimously affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

*James A. Nolan, Jr.,* for appellant. There is no enactment of the Legislature of this State by which the " value " of an inchoate dower claim may be presently ascertained and abated to a purchaser, in an action for specific performance, in the event a wife refuses to relinquish it. This court has expressly condemned as unsound and unsustained by precedent the determination of the value of an inchoate dower by the use of mortality tables, for the purpose of enforcing specific performance, with compensation. (*Roos* v. *Lockwood,* 59 Hun, 181; 129 N. Y. 623; *Sternberger* v. *McGovern,* 56 N. Y. 19.)

*Charles A. Rathkoff* for respondents. Specific performance will be decreed. (*Campione* v. *Eckert,* 110

Misc. Rep. 703; *Granoff* v. *Korpus,* 182 N. Y. Supp. 136; *Weintraub* v. *Kruse,* 187 N. Y. Supp. 713; *Maas* v. *Morgenthaler,* 36 App. Div. 359.)

McLAUGHLIN, J.    The defendant Abraham Lisansky owned No. 1942 Pitkin avenue, Brooklyn, and on the 17th of March, 1923, entered into a contract with the plaintiffs to sell, and they to purchase, the premises at a stipulated price of $8,600, subject to certain mortgages. The defendant's wife, Frieda Lisansky, did not join in the contract and when it came time for closing, by delivery of the deed and payment of the purchase money, she refused to sign the deed.   Abraham Lisansky was willing to give a deed without his wife's joining in it, and the plaintiffs were willing to accept such deed, provided an abatement of the purchase price were made. Lisansky refused to make any allowance and the plaintiffs thereupon brought this action for specific performance, making the wife a party defendant.   The trial court, at the close of the evidence, dismissed the complaint as to her; found the facts as above stated and gave judgment in favor of the plaintiffs against the defendant Abraham Lisansky, requiring him to convey upon the receipt of the purchase price as stipulated in the contract, with a deduction therefrom of $352.98.   The judgment directs Abraham Lisansky to " execute and deliver to the plaintiffs herein a full covenant warranty deed to the premises aforesaid, without the said Frieda Lisansky joining therein, and that the purchase price, as provided in the contract aforesaid, be reduced by the sum of $352.98."

The court found as a fact: " That the expectancy of survivorship of life of the defendant, Frieda Lisansky, over the life of the defendant, Abraham Lisansky, basing the same upon the age of the defendant, Abraham Lisansky, at 66 years, and of Frieda Lisansky at 64 years, is 2.569 years, and the value of such inchoate right of dower, based on the value of the property as aforesaid,

is $352.98, and that the purchase price should be abated by that sum;" also that the refusal of Frieda Lisansky to release her inchoate right of dower was in no way attributable to the defendant Abraham Lisansky and that there was no bad faith or collusion between them.

The judgment was entered upon a decision after trial at Special Term, from which an appeal was taken to the Appellate Division, second department, by Abraham Lisansky, where the same was unanimously affirmed and leave to appeal to this court denied. Application for leave to appeal was thereafter made to and granted by this court.

The finding as to Mrs. Lisansky's expectancy of life having been unanimously affirmed, this court must assume the same to be correct, irrespective of what mortality tables, if any, the trial court used.

The real question which the appellant argued in this court was whether the Supreme Court had the power to make the deduction from the purchase price stipulated in the contract. I have no doubt whatever that the court had such power. The inchoate right of dower of defendant's wife was an incumbrance. In an action for specific performance for the sale and purchase of real estate, if there be an incumbrance upon the property contracted to be conveyed, and the would-be purchaser is willing to take title if an allowance be made for such incumbrance, the court can fix and determine an abatement therefor. This question does not seem to be open in this court. In *Sternberger* v. *McGovern* (56 N. Y. 12) the parties had arranged to exchange property. Defendant's wife refused to join in the conveyance and the trial court ordered that the value of her inchoate right of dower be admeasured and defendant required to pay that value to the plaintiffs in return for plaintiffs' deed of his property. Judge GROVER, who spoke for the court, was of the opinion that under the peculiar facts of that case an abatement could not be made for the inchoate

right of dower of the wife, since it would, in effect, be to compel defendant, against his objection, to purchase a part of plaintiffs' property which was not what the parties intended by the contract to exchange. It is to be noted that he did not get a majority of the court, or enough to make a decision, to adopt his view. FOLGER and JOHNSON, JJ., concurred in his opinion; ALLEN, J., concurred " in result upon the peculiar circumstances of the case, without passing upon the question whether specific performance with money compensation for inchoate right of dower may not be awarded in cases of exchange as well as upon a contract for the purchase of real property; " CHURCH, Ch. J., and ANDREWS, J., not voting; and RAPALLO, J., absent. Judge GROVER, however, recognized, as clearly appears from his opinion, that an abatement could be made for an inchoate right of dower in a proper case. He cited two Massachusetts cases (*Woodbury* v. *Luddy*, 14 Allen, 1, and *Davis* v. *Parker*, 14 Allen, 94) where it was held that a purchaser might, in a proper case, compel the vendor to convey, with a deduction from the price, of the fair value of the inchoate right of dower of his wife who refused to release same, and that the value of this right should be determined by the tables of mortality.

Any doubt that might possibly be entertained on the subject was removed by *Bostwick* v. *Beach* (103 N. Y. 414). There, the executors under a will, including the testator's wife, acting under a power of sale, agreed to sell certain real estate belonging to the estate. The wife thereafter refused to join in the conveyance. The court held that the dower right constituted an incumbrance and that the value of the incumbrance could be fixed according to the rules which would apply in cases of admeasurement. It will be noted, however, in that case the dower was not inchoate. The court cited with approval the two cases in 14 Allen to which I have referred, where the dower was inchoate.

The *Bostwick* case was cited by Judge CARDOZO, with apparent approval, in *Catholic Foreign Mission Society of America* v. *Oussani* (215 N. Y. 1, p. 8.)

In *Maas* v. *Morgenthaler* (136 App. Div. 359) it was held that it is not a defense to an action against a husband for specific performance that his wife did not join in the contract and is not a party to the action, for, if she refused to join in the conveyance, the vendee might elect to take the premises subject to her dower right, with a deduction from the purchase price of a sum equivalent to the gross value of that right.

To the same effect are *Farley* v. *Secor* (167 App. Div. 80, p. 84) and *Weintraub* v. *Kruse* (195 App. Div. 807).

The appellant urges that *Bostwick* v. *Beach* (*supra*) was overruled by *Roos* v. *Lockwood* (59 Hun, 181; affd., 129 N. Y. 623). The judgment in that case ordered specific performance and if the wife persisted in her refusal to join in the conveyance, one-third of the purchase money might be deducted, or if the plaintiff so elected, he could leave one-third of the purchase money on a mortgage at five per cent, principal payable after the wife's death. This court held this was not the proper measure of damage and affirmed the judgment of the General Term, which reversed the judgment of the trial court, and granted a new trial.

It is also urged that the *Bostwick* case was, in effect, overruled by *Palmer* v. *Gould* (144 N. Y. 671). The opinion in that case was written by GRAY, J., but he did not get any one to agree with him. The other members of the court concurred for reversal but only on the last ground stated in the opinion, which was because the court refused to make certain findings of fact, and for that reason a new trial was ordered. But, if we assume the correctness of Judge GRAY's opinion, it is not at all applicable here. All it suggested was that partial performance may sometimes be refused where a vendee, knowing of the defect, has taken the chance of its removal,

and where conveyance of a part interest would work a hardship to the vendor. No such hardship is here present.

I am of the opinion the judgment is right and should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.