C. ARTHUR ARNSTEIN and Another, as Executors, etc., of BEN KAPLAN, Deceased, Plaintiffs, *v.* 141 CONSTRUCTION CORPORATION, Defendant.

First Department, December 20, 1932.

*Sidney S. Levine*, for the plaintiffs.

*Joseph Solomon*, for the defendant.

O'MALLEY, J. In this submission of controversy the plaintiffs desire a decree of specific performance of a contract whereby the plaintiffs agreed to sell and the defendant agreed to purchase certain real property. The defendant maintains that it rightfully rejected title on the law day and was entitled under the circumstances here to rescind the contract. The broad issue presented is whether the plaintiffs have shown a marketable title sufficient to entitle them to a decree for specific performance.

It appears from the stipulated facts that the testator died July 2, 1927, leaving him surviving a widow, Emma Kaplan, and a son, I. Robert Kaplan, by a former wife, Jennie Kaplan. He left a will giving his executors power of sale. Upon accounting proceedings before the surrogate, the son by the former marriage appeared and claimed that the testator was not seized of the real property in question and that the purported deed to him from his former wife, Jennie Kaplan, dated April 9, 1924, and not recorded until April 9, 1926, was a forgery.

A referee appointed by the surrogate to take proof and report with respect to this contention and other matters found that the testator was in fact seized of the real property at the time of his death; that the deed was not a forgery and that the son had no valid claim either to the property or its income. The referee further found that the amount of personalty in the hands of the executors was insufficient to satisfy the claims of creditors and that resort should

be had to the real property here, which was the only real property of which the testator died seized.

The report in the respects noted was confirmed by the surrogate who directed the executors to exercise the power of sale contained in the will. He further found that a bequest to the widow was not in lieu of dower, but that she might take both bequest and dower. Upon a separate appeal by the executors from the latter part of the decree, we affirmed (*Matter of Kaplan*, 236 App. Div. ——). The time of the son, I. Robert Kaplan, to appeal from the order confirming the referee's report has expired.

Pursuant to such decree, the executors offered the real property at public sale. The defendant bid it in for the sum of $20,200 and paid the down payment called for of $1,000. The contract provided that the property was to be conveyed " by executors' deed with good title in fee simple free from all incumbrances," except certain party wall rights. On the closing date, June 15, 1932, the defendant refused to take title on four specific grounds:

" 1. That the deed dated April 9, 1924, but not recorded until April 9, 1926, from Jennie Kaplan to Ben Kaplan, the deceased and testator in the will which appointed plaintiffs executors, was not delivered in the lifetime of the grantor.

" 2. That in the accounting proceeding in the estate of Ben Kaplan, deceased, I. Robert Kaplan, a son of the deceased but who is not a beneficiary under the will of the deceased, claimed ownership of the premises, and that the deed to the deceased of said premises was a forgery.

" 3. That the title to said premises tendered by the plaintiffs was not marketable unless a quitclaim deed was first obtained from said I. Robert Kaplan and his wife to the purchaser, and recorded.

" 4. That the deceased, Ben Kaplan, left surviving his widow Emma Kaplan and no release of dower from her was tendered at the time of tendering title by the plaintiffs."

We are of opinion that judgment should be directed for the defendant. It is true that the personalty of the estate was insufficient to pay the debts and that recourse was necessary to the real property here involved and that the surrogate had authority to direct a sale. It is likewise true that such sale might have been directed to carry with it the widow's right of dower and that the purchaser would hold the property free and discharged from any claim by virtue of such right if the surrogate was of opinion that thereby the interests of all parties would be better protected or a more advantageous sale could be made. (Surr. Ct. Act, § 248.)

In the decree before us, however, no such direction was made. Under such circumstances the sale would be subject to the widow's

right of dower. The defendant, therefore, was entitled to reject title on the law day, there being no assignment or release of dower proffered. The rule is: "Where the vendor is unable to make complete title to all the property sold, the purchaser has an election to proceed with the purchase *pro tanto* or to abandon it altogether." (*Bostwick* v. *Beach*, 103 N. Y. 414, 418, 422; *Maas* v. *Morgenthaler*, 136 App. Div. 360; *Feldman* v. *Lisansky*, 239 N. Y. 81, 86; *Catholic F. M. Society* v. *Oussani*, 215 id. 1, 8.) Here, the defendant elected to stand upon its rights with respect to the obtaining of a title free and clear from the incumbrances of the widow's dower. The widow is not before us in this submission. There is nothing to show that she was willing to release her dower to the defendant and look to the proceeds of the sale for such right.

Judgment must accordingly be directed in favor of the defendant relieving it of the obligations of the contract for the purchase of the real property in question, with costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment directed in favor of the defendant relieving it of the obligations of the contract for the purchase of the real property in question, with costs. Settle order on notice.