■ 361 MYRTLE REALTY, LLC, Respondent, v MILLER FAMILY PARTNERSHIP et al., Appellants, and ROSA TAVERAS, Intervenor-Respondent. [848 NYS2d 902]—In an action, inter alia, for specific performance of a contract for the purchase of real property, the defendants Miller Family Partnership, Harry Kopman, Miriam Kopman, and John Doe #1-10 being partners of the Miller Family Partnership appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 14, 2007, as granted those branches of the motion of the defendant-intervenor Rosa Taveras which were, in effect, for an order directing the transfer of the subject premises to her and compelling their attorney to retain in escrow all proceeds from the sale of the subject premises pending the outcome of a hearing to determine whether Rosa Taveras is entitled to an abatement of the purchase price.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellants' contention, on the facts presented, we discern no basis upon which to deprive the defendant-intervenor Rosa Taveras of her common-law optional remedy of specific performance of the contract of sale she had entered into with the appellants, with a possible abatement of the purchase price to be determined by the Supreme Court after a hearing (*see Lucenti v Cayuga Apts.,* 48 NY2d 530, 541-542 [1979]; *Bostwick v Beach,* 103 NY 414, 422 [1886]; *Burack v Chase Manhat-*

*tan Bank,* 9 AD2d 914 [1959], *affd sub nom. Burack v Tollig,* 10 NY2d 879 [1961]; *Rizzo v Landmark Realty Corp.,* 277 App Div 1094, 1094-1095 [1950]; *Polisiuk v Mayers,* 205 App Div 573, 575-579 [1923]).

The appellants' remaining contentions are without merit. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.