ABRAHAM FELDMAN and BECKIE FELDMAN, Plaintiffs, *v.* ABRAHAM LISANSKY and FRIEDA LISANSKY, Defendants.

Supreme Court, Kings Special Term, October, 1923.

**Real property — specific performance of land contract — vendor directed to convey subject to wife's dower right where she refused to sign deed.**

In an action to compel specific performance of a land contract it appeared that defendant's wife uninfluenced by him had refused to sign the deed. *Held*, that defendant, pleading in his answer readiness to convey the property and allow an abatement of the purchase price, will be directed to convey the property subject to his wife's right of dower.

ACTION for specific performance of a contract for sale of land.

*Grauer & Rathkopf* (*Charles A. Rathkopf*, of counsel), for plaintiffs.

*James A. Nolan*, for defendant Abraham Lisansky.

*Joseph A. Hahn* (*Edward Hass*, of counsel), for defendant Frieda Lisansky.

MacCrate, J. The answer of the defendant Abraham Lisansky states his readiness to convey to plaintiff and allow an abatement of the purchase price if fixed rules can be found for determining the amount of the abatement.

Notwithstanding the attempts of the defendant to limit the effect of the decision in *Bostwick* v. *Beach,* 103 N. Y. 414, to cases involving vested dower rights, in this department, upon the authority of that case, abatements have been allowed for inchoate dower rights, and the method laid down in *Jackson* v. *Edwards,* 7 Paige, 386, 408, for valuing such rights has been followed. Therefore, although the refusal of the wife to sign the deed is her own act uninfluenced by her husband, in view of the allegations of his answer the defendant husband will be directed to convey to the plaintiff, subject to her dower right. Moreover, she, on her motion, was taken out of the case. *Roos* v. *Lockwood,* 59 Hun, 181, cited by defendant, unmistakably states that specific performance by the husband can be directed. In that case, however, the trial court adopted an improper method to fix the amount of the abatement.

The testimony warrants findings that the wife is now sixty-four and the husband sixty-six. On those findings and the further finding that the property is worth the contract price, $8,600, the purchase price should be reduced by the sum of $352.98.

Judgment accordingly.