CHARLES KUPFERBERG, Plaintiff, *v.* GEORGE A. BEATTY and EDYTHE BEATTY, His Wife, Defendants.

Supreme Court, Queens Special Term, December, 1923.

**Real property — specific performance of contract for sale of land — vendor may be compelled to give vendee deed on payment of purchase price less inchoate dower right of vendor's wife.**

Where the vendor's wife refuses to join in a conveyance of his real property the vendee in the contract of sale may compel the vendor to give a deed upon the payment of the purchase price less the value of the inchoate right of dower of the vendor's wife.

ACTION for specific performance.

Supreme Court, December, 1923.        [Vol. 122

*Colden & O'Leary (Charles S. Colden,* of counsel), for plaintiff.

*Kellogg, Street & Hanavan (George B. Hanavan,* of counsel), for defendants.

CROPSEY, J.    In a memorandum heretofore handed down in this case (N. Y. L. J. Dec. 7, 1923, Cropsey, J.) it was held that plaintiff was entitled to specific performance of the contract and if defendant's wife refused to join in the conveyance, the plaintiff notwithstanding might at his election compel the defendant George A. Beatty to give a deed, a proper abatement being made from the purchase price to cover the value of the inchoate dower right of defendant's wife.    Such value it was held should be ascertained by following the rule laid down in *Jackson* v. *Edwards,* 7 Paige, 386, 408, and other cases.    Plaintiff's counsel has urged a reconsideration, claiming that the amount to be deducted should be the value of the dower right defendant's wife would own if defendant was dead, *i. e.,* her consummate dower right.    I find no basis for so holding. A further review of the question only confirms the opinion previously expressed.    It is pointed out that to deduct only a sum that would represent the value of the inchoate dower right would compel the plaintiff to take " chances " which he should not be obliged to take; that as defendant and his wife have it within their power to give a good title free of all dower rights, they should be compelled to take the " chances " if the wife refused to join in the deed.    But the plaintiff is not obliged to take any " chances." Unless the defendant's wife joins in the conveyance, plaintiff need not accept it.    He may then recover back his down payment and expenses and damages if he can show he has sustained any. It is only by his election that plaintiff will take the title with the dower interest outstanding.    If he decides to take it, he must take the " chances."    Plaintiff's argument really is that defendants should be punished.    But that cannot be done.    If the plaintiff takes the property he can get only such interest in it as the defendant has.    That is subject to the inchoate dower right of the latter's wife.    If the plaintiff would require the defendant to specifically perform, he must take all the interest the defendant has, and of course should pay for that interest, at the rate fixed by the contract for the whole title.    The only interest defendant does not own is the inchoate dower right of his wife.    The value of that must be deducted.    There is no outstanding consummate right of dower.    Hence there is no reason why the value of such a right should be deducted.    In addition to the cases cited in the earlier memorandum holding that the value of the inchoate right of dower is the amount of the abatement, there is the recent

one of *Feldman* v. *Lisansky*, 121 Misc. Rep. 658, to the same effect. No cases are cited to the contrary. In *Bostwick* v. *Beach*, 103 N. Y. 414, the outstanding dower right was a consummate one — not inchoate. The opinion (p. 422) plainly states that if the buyer wishes it, the seller will be compelled to perform so far as he can and an abatement made from the purchase price for any deficiency in title, " without doing injustice to either party." In *Maas* v. *Morgenthaler*, 136 App. Div. 359, the court did not say that the value of a consummate dower right should be deducted, when there was outstanding only an inchoate right. That case involved an inchoate right and it was held (p. 360) that the abatement should be equivalent to " the gross value of that right." The court cited *Bostwick* v. *Beach, supra,* for this proposition, but evidently only to support the right to make a deduction, not that the deduction should be the value of a consummate dower when only an inchoate dower was outstanding.

The findings have been altered to conform to the decision and signed.

Settle judgment on notice.

Judgment accordingly.