Oscar Goldman, Plaintiff, v. Rose Goldman and Others, Defendants.

Supreme Court, New York County, March 18, 1932.

*Lucien Nemser,* for the applicant.

*Jonathan Holder,* for North River Mortgage Company, mortgagee.

LYDON, J. In this action for partition application is made by defendant Ruth Goldman to direct payment to her of the sum of $321.44 found by the referee to be the present value of her inchoate right of dower, she having filed a consent to accept that sum in satisfaction of her inchoate interest. A cross-motion is made by a mortgagee of the husband's interest to correct the computation made by the referee. The age of the wife is twenty-seven, and that of the husband thirty-one years. Since the gross value of the husband's interest is only $1,261.21, it is obvious that the inchoate right of the wife cannot have anything like the present value fixed by the referee. The rule governing the determination of the present value of such a right is to be found in the case of *Jackson* v. *Edwards* (7 Paige Ch. 386, 408). In order to ascertain what the present value is in the case before me, I have consulted the volume entitled " Inheritance Tax Calculations," by S. Herbert Wolfe, F. S. S. (New York, 1905), which contains a chapter dealing with the computation of inchoate dower rights and other similar expectancies and gives various tables based upon the American Experience Tables of Mortality which have superseded the Northampton Tables formerly in use. (Rules Civ. Prac. rule 243.) I have found the necessary calculations somewhat beyond me and have accordingly referred the problem to the Insurance Department which has made the computations and found the present value of the wife's interest to be forty-eight dollars and seventy-four cents. While I do not profess an understanding of all the steps in the process of calculation, I have entire faith in the correctness of the result and accordingly adopt it. If the wife will file a consent to accept a gross sum to be calculated in accordance with the law applicable to annuities and survivorships, without specifying any definite sum, I will direct payment of the sum above indicated and, if she is dissatisfied, she will be able to review the order. Otherwise her present motion must be denied.

For the information of those who may be interested, I append a copy of the letter of the Insurance Department. I am advised that the method of computation there followed is precisely in accordance with the rule laid down in *Jackson* v. *Edwards* (*supra*), and also that it would produce the same result as was arrived at by Mr. Justice MACCRATE in *Feldman* v. *Lisansky* (121 Misc. 658).

The letter of the Insurance Department is as follows:

" State of New York
" Insurance Department
" New York Office, 80 Centre Street
" New York
" George S. Van Schaick
" Superintendent of Insurance
" *March* 10, 1932.

" Hon. Richard P. Lydon,
" Justice of Supreme Court,
" Foley Square,
" New York City.

" My dear Judge Lydon.— In accordance with your request an actuarial calculation has been made in this office, in order to determine the inchoate right of dower in an estate of $1,261.21, the age of the wife being 27 and that of the husband 31 years. The computation may be subdivided into four steps and the details are given below together with an explanation and reference to certain tables contained in ' Inheritance Tax Calculations' by S. H. Wolfe.

" 1. *Determination of equal ages.* In order to obtain the equal joint ages, the force of mortality for ages 27 and 31 according to Table III are added and the sum is divided by two because two lives are involved and the result is .00829. The table shows that an increase in one year of age above age 29 results in an increase of eight points in the force of mortality, while the force of mortality for the desired equal ages is two points greater than that for age 29. The equal age is accordingly 29 plus 2/8 or 29.25.

$$\mu 27 = .00814$$
$$\mu 31 = .00843$$

$$\mu 27 + \mu 31 = .01657$$
$$1/2 \ (\mu 27 + \mu 31) = .00829$$
$$\mu 29 = .00827 \qquad \mu 29 = .00827$$
$$\mu 30 = .00835 \qquad \qquad 829$$

Difference .00008   Difference .00002
Equal ages $= 29 + 2/8 = 29.25$

" 2. *Determination of joint life annuity for ages 29.25.* Reference to Table XXXIII shows that an increase of one year above age 29 results in a decrease of .114218 in the value of the joint life annuity, and a decrease of 1/4 of this amount or .028554 corresponds accordingly to an increase in age by .25. The joint life annuity

for ages 29.25 is accordingly equal to that for ages 29 less .028554, as shown below this joint life annuity is found to be 13.070452.

$$\ddot{a}29 = 13.099006$$
$$\ddot{a}30 = 12.984788$$

| | |
|---|---|
| Difference | .114218 |
| 1/4 of difference | .028554) |
| $\ddot{a}29 =$ | 13.099006) |

$$\ddot{a}29.25 = 13.070452$$

" 3. *Value of reversionary annuity to (27) upon death of (31).* This is obtained by deducting the joint life annuity obtained in the previous step from the single life annuity at age 27 as given by Table XXXI, the result being 2.31865.

$$\ddot{a}27 = 15.38910$$
$$\ddot{a}29.25 = 13.07045$$

Difference  2.31865

" 4. *Value of inchoate right of dower.* The yearly contingent income is equal to 5% of one-third of the estate of \$1,261.21 and amounts to \$21.02. This income is multiplied by the value of the reversionary annuity obtained in subdivision 3 and the results of \$48.74 represents the present value of the inchoate right of dower in this case.

$$\text{Yearly contingent income} =$$
$$.05 \times \$1,261.21 \times \tfrac{1}{3} = \$21.02$$
$$\$21.02 \times 2.31865 = \$48.74$$

" These calculations are based on 5% interest and the American Experience Table of Mortality.

" Yours very truly,
" CHARLES P. BUTLER,
" *Second Deputy Superintendent.*"


SUPPLEMENTAL OPINION, MARCH 31, 1932.

LYDON, J. The bank urges that since the disposition of the fund, subject to the wife's inchoate right of dower, is discretionary with the court (Civ. Prac. Act, § 1053), she ought to be required to accept a gross sum, and that the balance of the fund should be paid over to the bank as mortgagee. But I think the discretion should be exercised in favor of the wife. Her rights are superior to those of the mortgagee since she did not join in the mortgage, and if she prefers to have the share in question deposited to await the event of survivorship between herself and her husband, she

cannot properly be deprived of that privilege. But, of course, she cannot receive the income in the meantime, as her proposed order provides, nor will she be entitled to anything in the future unless she survives her husband. Counsel may suggest in their proposed orders the provisions they deem necessary and proper to protect the interests of their respective clients. Settle order.